|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) | **United States District Court** |
| Plaintiff | ) | **Northern District of Illinois** |
|  | ) |  |
| v. | ) |  |
|  | ) | **Case No. 20-3758** |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) ) ) |  |
| Defendants | ) |  |
|  | ) |  |

# JOINT STATUS REPORT OF THE PARTIES

Pursuant to Docket Entry 11 in the above-captioned action and Federal Rule of Civil Procedure 26(f)(2), Plaintiffs Commodity Futures Trading Commission ("CFTC") and Defendants Long Leaf Trading Group, Inc. ("Long Leaf") and James A. Donelson, by and though counsel, and Defendant Jeremy S. Ruth, proceeding *pro se*, (collectively, the "Parties") hereby submit the following joint status report.[1]

---

[1] Counsel for the CFTC advised Defendant Andrew D. Nelson by email of the Parties' Rule 26(f) conference. Mr. Nelson failed to respond to the CFTC's emails or participate in the Rule 26(f) conference. Defendant Timothy F. Evans has not yet been served; the CFTC is attempting to serve Mr. Evans, who resides in Tulum, Mexico, through the Hague Convention.

## I. NATURE OF THE CASE

### A. Attorneys of Record

| Counsel for Plaintiff CFTC | Counsel for Defendants Long Leaf and Donelson |
|---|---|
| Ashley J. Burden<br>aburden@cftc.gov<br>Elizabeth M. Streit<br>estreit@cftc.gov<br>Scott R. Williamson<br>swilliamson@cftc.gov<br>Robert T. Howell<br>rhowell@cftc.gov<br>Commodity Futures Trading Commission<br>Division of Enforcement<br>525 W. Monroe St., Ste. 1100<br>Chicago, IL 60661<br>(312) 596-0700 | Nicholas P. Iavarone<br>niavarone@iavaronefirm.com<br>The Iavarone Law Firm, P.C.<br>2516 Waukegan Rd., No. 399<br>Glenview, IL 60025<br>(312) 637-9466<br><br>Laurence M. Landsman<br>LLandsman@llflegal.com<br>Latimer LeVay Fyock, LLC<br>55 W. Monroe St., Ste. 1100<br>Chicago, IL 60603<br>(312) 419-3029 |

### B. Basis for Federal Jurisdiction

This Court has jurisdiction over this action under 28 U.S.C. § 1331 (2018) (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).

In addition, Section 6c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1(a) (2018), provides that U.S. district courts have jurisdiction to hear actions brought by the Commission for injunctive and other relief or to enforce compliance with the Act whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

**C.     Nature of Claims and Counterclaims, Including Relief Sought**

The CFTC alleges that Defendants' conduct violates numerous anti-fraud provisions in the Act and Regulations, including, for all Defendants, Section 4c(b) of the Act, 7 U.S.C. § 6c(b) (2018), and Regulation 33.10, 17 C.F.R. § 33.10 (2019) (fraud in connection with options on futures transactions); and Section 4*o* of the Act, 7 U.S.C. § 6*o* (2018) (fraud by a commodity trading advisor), and, for Long Leaf and its principals, Regulation 4.41(a), 17 C.F.R. § 4.41(a) (2019) (fraudulent advertising by a commodity trading advisor).

The CFTC alleges that Long Leaf failed to make required customer disclosures relating to client accounts guided pursuant to a "systematic program that recommends specific trades," in violation of Regulation 4.31(a) and (b), 17 C.F.R. § 4.31(a), (b) (2019).  The CFTC alleges that Long Leaf failed to file any such disclosures with the National Futures Association ("NFA"), in violation of Regulation 4.36(d)(1), 17 C.F.R. § 4.36(d)(1) (2019).

The CFTC alleges that certain Defendants are liable for registration violations, including failure to register as a commodity trading advisor ("CTA") under Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2018), and failure to register as associated persons ("APs") under Section 4k(1) of the Act, 7 U.S.C. § 6k(1) (2018), and Regulations 3.12(a) and 33.3(b)(1) and (2), 17 C.F.R. §§ 3.12(a), 33.3(b)(1), (2) (2019).

The CFTC alleges that Long Leaf's former and current principals, Defendants Evans and Donelson, respectively, are liable for Long Leaf's violations as controlling persons, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2018).

Respondents Long Leaf and Donelson deny all allegations of wrongdoing asserted by the CFTC.

Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2018), the Commission brings this action to enjoin Defendants' unlawful acts and practices and to compel compliance with the Act

3

and Regulations. In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading and registration bans, restitution, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

The CFTC seeks restitution against Long Leaf in the amount of approximately $6.1 million. The CFTC seeks disgorgement against Long Leaf in the amount of approximately $4.4 million. Pursuant to Section 6c(d)(1) of the Act, 7 U.S.C. § 13a-1(d)(1), the CFTC seeks civil monetary penalties against Long Leaf in the amount of three times its monetary gain, or approximately $13.2 million.

The CFTC seeks to hold Evans liable for the portion of Long Leaf' restitution, disgorgement, and civil monetary penalty incurred during Evans's tenure as principal of Long Leaf. According to the CFTC's calculations, Evans would be liable for approximately $3.9 million in restitution, $3.1 million in disgorgement, and $9.3 million in penalties.

The CFTC seeks to hold Donelson liable for the portion of Long Leaf' restitution, disgorgement, and civil monetary penalty incurred during Donelson's tenure as principal of Long Leaf. According to the CFTC's calculations, Donelson would be liable for approximately $2.24 million in restitution, $1.3 million in disgorgement, and $3.9 million in penalties.

The CFTC seeks restitution against Jeremy Ruth in the amount of approximately $300,000, and disgorgement in the same amount. The CFTC seeks a civil monetary penalty against Mr. Ruth in the amount of $900,000.

The CFTC seeks restitution against Andrew Nelson in the amount of approximately $33,000, and disgorgement in the same account. The CFTC seeks a civil monetary penalty against Mr. Nelson in the amount of $99,000.

Long Leaf and Donelson deny that the CFTC is entitled to any of the relief it requests.

## II. PENDING MOTIONS AND CASE PLAN

### A. Pending Motions

Defendant Jeremy Ruth's unopposed motion for extension of time to answer or otherwise respond is currently pending.

### B. Proposed Discovery Plan

The CFTC will seek documents, written discovery, and testimony from Defendants and from third-party witnesses. Defendants Long Leaf and Donelson intend to seek documents, written discovery, and potentially testimony from certain third-party witnesses.

The Parties agree that written discovery shall commence on August 24, 2020. The CFTC and Defendants Donelson and Long Leaf propose September 30, 2020, as the date to exchange initial disclosures under Rule 26(a)(1). Defendant Ruth proposes October 31, 2020, as the date to exchange initial disclosures; the CFTC opposes this. The Parties propose that the deadline for completion of fact discovery be set for May 1, 2021.

With respect to expert discovery, the Parties propose that: expert reports be exchanged forty five days after the discovery deadline; expert rebuttal reports (if needed) be exchanged ninety days after the discovery deadline; discovery with respect to each expert shall conclude sixty days after disclosure of each such expert's report.

With respect to e-discovery, the Parties anticipate that discovery will encompass electronically stored information. The CFTC plans to ensure that such discovery proceeds appropriately by producing all documents via secure FTP site in a load-ready format. Defendants Long Leaf and Donelson plan to ensure that such discovery proceeds appropriately

by uploading any document productions to the CFTC's secure FTP site. The Parties do not anticipate any electronic discovery disputes.

The CFTC has requested a jury trial. The Parties anticipate that trial will take between five and seven days to complete; Defendant Ruth anticipates that the trial will take between nine and twelve days.

### III.   CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The Parties were unable to agree to consent to proceed before a magistrate judge.

### IV.   STATUS OF SETTLEMENT DISCUSSIONS

Settlement discussions have taken place between the CFTC and Defendants Donelson and Long Leaf as part of the CFTC's "Wells" process. The CFTC and Defendant Ruth discussed settlement shortly after the filing of the complaint in the above-captioned action. The Parties revisited the subject of settlement during their August 10, 2020, Rule 26(f) conference but have been unable to reach an agreement.

The Parties do not request a settlement conference with the Magistrate at this time.

| | |
|---|---|
| /s/ Ashley J. Burden | /s/ Laurence M. Landsman[2] |
| Ashley J. Burden<br>aburden@cftc.gov<br>Elizabeth M. Streit<br>estreit@cftc.gov<br>Scott R. Williamson<br>swilliamson@cftc.gov<br>Robert T. Howell<br>rhowell@cftc.gov<br>Commodity Futures Trading Commission<br>Division of Enforcement<br>525 W. Monroe St., Ste. 1100<br>Chicago, IL 60661<br>(312) 596-0700 | Nicholas P. Iavarone<br>niavarone@iavaronefirm.com<br>The Iavarone Law Firm, P.C.<br>2516 Waukegan Rd., No. 399<br>Glenview, IL 60025<br>(312) 637-9466<br><br>Laurence M. Landsman<br>llandsman@llflegal.com<br>Latimer LeVay Fyock, LLC<br>55 W. Monroe St., Ste. 1100<br>Chicago, IL 60603<br>(312) 419-3029 |
| Counsel for Plaintiff CFTC | Counsel for Defendants Long Leaf and Donelson |
| /s/ Jeremy S. Ruth | |
| Jeremy S. Ruth<br>jeremysruth@hotmail.com<br>11220 Brista Way<br>Austin, TX 78726<br>(512) 502-5742 | |
| Defendant, *pro se* | |

---

[2] Pursuant to N.D. Ill. General 16-0020(C)(2), Counsel for the CFTC has obtained the consent of Counsel for Long Leaf and Donelson, and of *pro se* defendant Jeremy S. Ruth, to include their electronic signatures on this document.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 3, 2020, I provided service to the persons listed below, and by the following means:

Via the Court's electronic CM/ECF system:

Nicholas P. Iavarone
The Iavarone Law Firm, P.C.
2416 Waukegan Road, #399
Glenview, Illinois 60025
niavarone@iavaronefirm.com

Landsman Law Firm, LLC
33 North LaSalle St, Suite 1400
Chicago, IL 60602-2610
larry@landsmanfirm.com

Counsel to Long Leaf Trading Group, Inc. and James A. Donelson

Via email, by agreement, to:

Jeremy S. Ruth
11220 Brista Way
Austin, TX 78726
jeremysruth@hotmail.com

*Pro se*

Via email, pursuant to Doc. 13, to:

Andrew D. Nelson
267 May St. E.
Elmhurst, IL 60126
adnelson0503@gmail.com

*Pro se*

/s/ Ashley J. Burden

Counsel for Commodity Futures Trading Commission
Ashley J. Burden
aburden@cftc.gov
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700