UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION | ) ) | |
| Plaintiff, | ) | |
| V. | ) | Civil Action No. 20-C-3578 |
| | ) | |
| Long Leaf Trading Group, Inc. Et all. | ) | |
| Defendant, | ) | |

**BENJAMIN CYBULSKI'S MOTION TO QUASH SUBPOENA**

***WHEREFORE***, now comes a non-party to this suit, a MR. BENJAMIN CYBULSKI, by and through his lawyers, EDWARD JOHNSON & ASSOC. P.C., and pursuant to Federal Rule of Civil Procedure 45(d), and the Fifth Amendment to the United States Constitution as incorporated to the States though the Fourteenth Amendment, respectfully requests that his Honorable Court enter an order quashing Plaintiff's subpoena to produce documents. In support of Mr. Cybulski's motion, he states as follows:

A.  INTRODUCTION

1.    Plaintiff is the Commodity Futures Trading Commission. The named Defendant is the Long Leaf Trading Group Inc. Et all.

2.    Plaintiff sued Defendant for violation of various NFA Compliance Rules in their trading strategies.

3.    The Plaintiff served a Federal Rule of Civil Procedure Subpoena on Benjamin Cybulski for the production of documents on December 9, 2020. The subpoena commanded that Mr. Cybulski comply with the subpoena on or before December 22, 2020. *See attached subpoena.*

4.    Mr. Cybulski is not a party to this suit, nor is he a registered agent, officer, managing partner, or board member of the Named Defendant's business.

5.    Mr. Cybulski was a Registered Associated Party of the company, which is a low-level employee of the Named Defendant's business from 8/2018 – 12/2019.

6.    Mr. Cybulski respectfully asks this Honorable Court to quash the subpoena.

B.  ARGUMENT

7.    Pursuant to Federal Rule of Civil Procedure 45(d)(3)(B), a Court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a person to comply with a subpoena beyond the geographic limits set under Federal

Rule of Civil Procedure 45(c), (3) requires disclosing privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden.

8. Mr. Cybulski timely files this motion on December 22, 2020.

9. This Court must quash Plaintiff's Subpoena for the following reasons:

    a. The Subpoena does not allow a reasonable time to comply as pursuant to Fed. R. civ. P 45(d)(3)(A)(i), as it requires Mr. Cybulski to comply within a mere thirteen (13) days after the Subpoena was served upon him and in consideration of the amount of information Plaintiff is seeking, makes it nigh impossible to comply.

    b. That pursuant to Fed. R. Civ. P. 45(e)(1)(D), the subpoena requires production or electronically stored information and other documents from sources that are not reasonably accessible to Mr. Cybulski, since he is only an Associated Person of the Defendant, and therefore lacks the access to any of Defendant's data storage servers containing said requested items, thereby causing a substantial undue burden on Mr. Cybulski to produce.

    c. That the Subpoena for the production of the requested electronic stored information and documentation should more appropriately be directed to the Named Defendants, as there would be a higher likelihood of achieving compliance, since they are in control of the documents.

    d. That the subpoena is additionally overbroad and unduly burdensome as it does not include a time period or duration for requested electronic stored information and makes it nigh impossible to comply with.

10. That there is a possibility of federal criminal fraud charges that could result out of the alleged conduct by the named Defendants in Plaintiff's complaint, and as such, the request for potentially incriminating documents violates Mr. Cybulski's Fifth Amendment Rights to Not Self-Incriminate.

11. That this Honorable Court should impose sanctions on Plaintiff because they issued and served a subpoena that subjects Mr. Cybulski to a substantial undue burden.

**WHEREFORE**, Mr. Cybulski respectfully asks that this Honorable Court enter an Order quashing Plaintiff's subpoena to produce documents, and for other such relief as this Court deems necessary and just.

| | |
|---|---|
| #6311709 | Respectfully Submitted, |
| Edward Johnson & Assoc. | |
| 555 W. Jackson Blvd. Ste. 700 | _____ |
| Chicago, IL 60661 | Edward Johnson |
| Ph. 708-606-4386 | |
| Email: Info@edwardjohnsonlaw.com | |