IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

|  |  |
|---|---|
| Commodity Futures Trading Commission,<br>Plaintiff<br><br>v.<br><br>Long Leaf Trading Group, Inc., James A.<br>Donelson, Timothy M. Evans, Jeremy S.<br>Ruth, and Andrew D. Nelson,<br>Defendants | )<br>)<br>)<br>) Case No. 20-3758<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S CFTC'S OPPOSITION TO BENJAMIN CYBULSKI'S MOTION TO QUASH SUBPOENA**

Plaintiff Commodity Futures Trading Commission ("CFTC") respectfully requests that the Court deny non-party witness Benjamin Cybulski's motion to quash the Rule 45 document subpoena served upon him by the CFTC. (Doc. 48, Cybulsky's Mot. to Quash Subpoena, hereinafter "Mot.").)

**BACKGROUND**

On June 26, 2020, the CFTC brought claims against Defendants in the above-captioned action for violations of the Commodity Exchange Act ("Act") and regulations. (Doc. 1.) The CFTC's claims include, *inter alia*, solicitation fraud claims relating to Defendant Long Leaf Trading Group, Inc.'s ("Long Leaf Trading") out-of-the-money options trading scheme. (*Id*. ¶¶ 1-12.)

As set forth in the complaint, the fraudulent solicitations were made by salespersons, referred to as "associated persons" or "APs," working for Long Leaf Trading. (*Id*. ¶ 35.) Benjamin Cybulski was one such AP, and he worked for Long Leaf Trading from August 2018 through December 2020. (Mot. at 1.)

On December 9, 2020, the CFTC served Mr. Cybulski with a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45. (Doc. 48.1, Subpoena.) The subpoena requests:

- All documents relating to Long Leaf Trading, including scripts or promotional materials, communications with customers or prospective customers of Long Leaf Trading, or communications with employees, agents, or representatives of Long Leaf Trading.

- All communications with James A. Donelson or any agent, employee, or attorney thereof.

- All communications with [Defendant] Jeremy S. Ruth or any agent, employee, or attorney thereof.

(*Id*. at 6.)

On December 16, 2020, Mr. Cybulski's counsel called counsel for the CFTC—the undersigned—to discuss the subpoena. (*See* Ex. A, Email from A. Burden, Counsel for CFTC, to E. Johnson, Counsel to Cybulski (Dec. 16, 2020).) On the call, counsel for Mr. Cybulski raised concerns that the subpoena could implicate his client's Fifth Amendment rights. Mr. Cybulski's counsel also suggested that the subpoena could be overbroad, and that documents sought from his client should be obtained from Defendants. Because of these concerns, Mr. Cybulski's counsel explained, he was considering a motion to quash.

Counsel for CFTC acknowledged these concerns, and attempted to dissuade Mr. Cybulski's counsel from filing a motion on the grounds that it might prove to be unnecessary. Counsel for the CFTC acknowledge Mr. Cybulski's counsel's concerns, and requested that Mr. Cybulski's counsel determine if any responsive document resided with his client, and, if so, provide written objections to the subpoena, including on the basis of the Fifth Amendment. Counsel for the CFTC memorialized the conversation in an email to Mr. Cybulski's counsel later the same day. (*See id.*) In the email, counsel for CFTC wrote:

> With respect to the document subpoena, please provide written responses and objections by the December 22 deadline. If you client has responsive documents,

>we [can] discuss any objections you might assert or, in the absence of objections, discuss a workable production schedule. Don't hesitate to call with any questions, or if you would like to discuss.

(*Id.*)

Mr. Cybulski failed to provide written responses and objections by the December 22 deadline. Mr. Cybulski's counsel likewise failed to contact counsel for the CFTC about the subpoena or any other subject, except to say that deposition dates for his client proposed by the CFTC would not work. (Ex. A, Email from E. Johnson to A Burden (Dec. 21, 2020).)[1] On December 22, 2020, Mr. Cybulski filed the instant motion to quash the CFTC's subpoena.

## LEGAL STANDARD

The scope of material that may be sought through a subpoena is as broad as the scope of discovery generally allowed in civil proceeding. *Gevas v. Pork*, No. 18 C 4984, 2020 WL 606778, at *2 (N.D. Ill. Feb. 7, 2020) (denying motion to quash third-party subpoena) (Harjani, Mag. J.) As such, a subpoena may seek records pertaining to any nonprivileged matter that is relevant to any parties' claims or defenses and that is proportional to the needs of the case. *Id*. (citing Fed. R. Civ. P. 26(b)(1)). A party seeking to quash the subpoena bears the burden of proving the requested discovery should not be allowed. *See id.*

---

[1] Cybulski's counsel has yet to revert back with proposed deposition dates.

**ANALYSIS**

As a threshold matter, Mr. Cybulski's motion should be denied on the basis that it fails to comply with the Court's Seventh Amended General Order 20-0012, which requires that all motions must clearly indicate whether or not they are opposed. (*See* Mot.) Mr. Cybulski failed to so indicate, and failed also to meaningfully confer with counsel. Although the CFTC opposes the motion in its current form, it is conceivable that the CFTC and Mr. Cyulski could have arrived at an agreement with respect to the subpoena.

Mr. Cybulski argues that the subpoena only gives Cybulski thirteen days to produce responsive documents, which is not enough time. (*Id*. at 2.) Not so. Counsel for the CFTC explained in its December 16, 2020, email to Mr. Cybulski's counsel that Mr. Cybulski need only provide written response and objections to the subpoena by December 22, consistent with Federal Rule of Civil Procedure 45(d)(2)(B). (Ex. A, Email from A. Burden to E. Johnson (Dec. 16, 2020).) After, receiving any objections, counsel would "discuss a workable production schedule." (*Id.*)

Mr. Cybulski argues that the subpoena is unduly burdensome because it requires him to produce documents that are not readily accessible to him, i.e., which are on Long Leaf Trading's data servers. (Mot. at. 2.) This is wrong. The subpoena was issued to and served upon Mr. Cybulski in his individual capacity, and not in any corporate or representative capacity, e.g., as custodian of records for Long Leaf. (*See* Subpoena.) Moreover, the subpoena requests only documents within Cybulski's "possession, custody, or control." (*Id*. at 4.) The subpoena obviously does not seek to compel Mr. Cybulski to produce documents within Long Leaf Trading's, or any other Defendant's, possession, custody or control. To the extent there was

4

genuine confusion about this request, it could easily have been allayed through an email or phone call between counsel.

Mr. Cybulski argues that the subpoena is overbroad and unduly burdensome because it fails to include a time period for the requested communications. (Mot. at 2.) Mr. Cybulski is correct that the subpoena is not limited by any particular time period. That does not, however, serve to make the subpoena overboard. As set forth above, Mr. Cybulski started working for Long Leaf Trading in August 2018. (Mot. at 1.) The time frame for documents responsive to the CFTC's requests is not, therefore, unlimited. Mr. Cybulski has failed to adduce any evidence to support his claim that producing documents responsive to the subpoena from this time period would be unduly burdensome. *See Papst Licensing GmbH & Co. KG v. Apple, Inc.*, No. 17 C 1853, 2017 WL 1233047, at *4 (N.D. Ill. Apr. 4, 2017) (denying motion to quash where non-party subpoena recipient failed to demonstrate undue burden).

Mr. Cybulski argues that the subpoena should be quashed because "the request for potentially incriminating documents violates Mr. Cybulski's Fifth Amendment Rights to Not Self-Incriminate." (Mot. at 2.) The fact that the subpoena requests documents that might be "potentially incriminating" is not sufficient grounds to quash the subpoena.

It is well-settled that a subpoena respondent cannot "avoid compliance with the subpoena served on him merely because the demanded documents contained incriminating evidence, whether written by others or voluntarily prepared by himself." *Ronin Capital, LLC v. Mayorga*, No. 16 CV 6909, 2016 WL 7394051, at *4 (N.D. Ill. Dec. 21, 2016) (quoting *U.S. v. Hubbell*, 530 U.S. 27, 36 (2000)). An exception to this principal exists in the act-of-production doctrine, which applies when the act of producing documents may on its own have a compelled testimonial aspect. *Id*. (citing *Hubbell*, 530 U.S. at 36). In order to have such a testimonial

5

aspect, however, identification and production of documents must require the respondent to make "extensive use of the contents of [his or her] own mind[s]." *Id.* (citing *Hubbell*, 530 U.S. at 43).

The CFTC does not seek to infringe upon Mr. Cybulski's right to right to refuse to produce certain documents under the Fifth Amendment. It is difficult to see how the Fifth Amendment could apply, however, to the CFTC's requests. The requests call for production of pre-existing documents and communications, the creation of which is not compelled in any way by the CFTC's subpoena. Moreover, the CFTC's broad and generalized request for all documents relating to Long Leaf Trading, or all communications with Defendants Donelson or Ruth, would not require Mr. Cybulski to make use of the "contents of his mind" to identify or produce them. *See id.* at *4 n.6 ("merely collecting documents that reference a certain word did not require defendants to 'make extensive use of the contents of [their] own mind'").

To the extent Mr. Cybulski's production of certain documents may qualify as testimonial, the motion nonetheless fails. Mr. Cybulski's blanket invocation of the Fifth Amendment is insufficient to justify quashing the subpoena. Rather, Mr. Cybulski should be required to invoke the privilege on a document-by-document basis, either by submitting the documents in camera or providing a privilege log. *See S.E.C. v. A Chi. Convention Ctr., LLC*, No. 13 C 982, 2013 WL 4010585, at *7 (N.D. Ill. Aug. 5, 2013) (holding that subpoena respondent "must produce a privilege log for those documents which he claims are covered by his Fifth Amendment privilege"); *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 10 CV 77221, 2011 WL 148058, at *4 (N.D. Ill.

6

Jan. 18, 2011) (denying motion to quash subpoena on basis of "sweeping" Fifth Amendment claim, requiring invocation of privilege on "document-by-document" basis).[2]

## CONCLUSION

For the foregoing reasons, the CFTC respectfully requests that Mr. Cybulski's motion to quash be DENIED. The CFTC further requests that the Court order Mr. Cybulski to make provide the CFTC with acceptable deposition dates within seven days of the Court's order on the motion.

/s/ Ashley J. Burden

Ashley J. Burden
Counsel for Plaintiff CFTC

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
(312) 596-0700
aburden@cftc.gov

---

[2] Mr. Cybulski's request for sanctions against the CFTC is in extraordinary bad faith. (Mot. at 2.)

7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2020, I provided service to the persons listed below, and by the following means:

| Via the Court's electronic CM/ECF system: | Via email, pursuant to D.E. 13, to: |
|---|---|
| Jim Falvey (via email)<br>jimfalvey@yahoo.com<br>Falvey Law Office<br>200 S. Wacker Dr., Ste. 3100<br>Chicago, IL 60606-5877<br>(312) 404-5839<br><br>Counsel to Long Leaf Trading Group, Inc.<br>and James A. Donelson<br><br>Andrew S. May<br>amay@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>151 N. Franklin St., Ste. 2500<br>Chicago, IL 60606<br>(312) 704-3400<br><br>Counsel to Jeremy Ruth<br><br>Edward Johnson<br>Edward Johnson & Assoc.<br>555 W. Jackson Blvd., Ste. 700<br>Chicago, IL 60661<br>(708) 606-4386<br><br>Counsel to Benjamin Cybulski | Andrew D. Nelson<br>267 May St. E.<br>Elmhurst, IL 60126<br>adnelson0503@gmail.com<br><br>*Pro se* |

/s/ Ashley J. Burden

---

Ashley J. Burden
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
(312) 596-0700
aburden@cftc.gov

o