|   |   |   |
|---|---|---|
| Commodity Futures Trading Commission, | ) | **United States District Court** |
| Plaintiff | ) | **Northern District of Illinois** |
|   | ) |   |
| v. | ) |   |
|   | ) | **Case No. 20-3758** |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) |   |
| Defendants | ) |   |

## PLAINTIFF CFTC'S UNOPPOSED MOTION FOR SIGNED AND SEALED SPANISH-LANGUAGE HAGUE REQUEST FORMS

Plaintiff Commodity Futures Trading Commission ("CFTC") respectfully requests that, to effect service upon Defendant Timothy Evans via the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), and at the request of Mexico's Secretariat of Foreign Affairs ("Secretariat"), the Court direct the Clerk to sign and affix the Clerk's seal to three copies of the official Hague service request form, attached hereto as Ex. A.

## BACKGROUND

The CFTC filed the above-captioned action for violations of the Commodity Exchange Act and accompanying regulations on June 26, 2020. (Doc. 1, Compl.) The Clerk subsequently issued summonses to all defendants, including Timothy M. Evans, who resides in Tulum, Mexico. (*Id*. ¶ 17.)

Under Federal Rule of Civil Procedure 4(f)(1), a person may be served outside the United States by any internationally agreed means of service, such as those authorized by the Hague Convention. Mexico is a signatory to the Hague Convention, which allows for service of process through a designated "central authority." *See* 20 U.S.T. 361 (Hague Convention); *see also* Hague Conference on Private International Law ("HCCH") website, available at

https://www.hcch.net/en/states/hcch-members/details1/?sid=54 (last visited December 22, 2020). In Mexico's case, the central authority is the Ministry of Foreign Affairs, Directorate-General of Legal Affairs. HCCH website, available at https://www.hcch.net/en/states/authorities (last visited December 22, 2020).

Accordingly, on July 7, 2020, the undersigned counsel for the CFTC sent Mexico's central authority, in triplicate, English and Spanish-language versions of the complaint and summons. The undersigned also sent, in triplicate, English and Spanish-language versions of the official Hague service request form.

On December 3, 2020, the CFTC received a letter from Mexico's Secretariat of Foreign Affairs highlighting purported deficiencies in the CFTC's service request (referred to for some reason as "letters rogatory") and requesting, *inter alia*, that the request be "signed and sealed in original" by the "requesting court" in Spanish, and in triplicate.[1] (Ex. B, Letter from Jose Luis Amaro Jaramillo, Secretaria de Relaciones Exteriores, to Ashley J. Burden, Counsel for CFTC (August 12, 2020).)

## PRAYER FOR RELIEF

Pursuant to the Secretariat's letter, and in order to effect service on Defendant Evans, the CFTC respectfully requests that the Court direct the Clerk to sign and seal the attached Spanish-

---

[1] It is unclear why signed and sealed versions of the request form should be required by the Secretariat. This requirement is not set forth in the Hague Convention. Nor is it set forth in Mexico's objections or reservations to specific articles in the Convention. *See* HCCH website, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=412&disp=resdn (last visited December 22, 2020). Nonetheless, if this is what the Secretariat requires, the CFTC must seek to comply.

language request form in triplicate, and to provide originals of such documents to the CFTC. Specifically, the CFTC respectfully requests that the Court direct the Clerk to affix its signature and seal to, and to date, the bottom of the first page of the request form (where it says, "done at" and "signature/stamp"). The CFTC has attached hereto completed Hague service request form with Spanish-language responses in the fillable blanks, along with a separate English translation of those responses and a declaration attesting to the accuracy of the translation.[2] (Ex. A.)

If this motion is granted, the counsel for the CFTC can collect the signed, sealed, and dated request forms in person from the Clerk's office at the Dirksen Center, or provide the Clerk's office with a stamped, self-addressed envelope.

/s/ Ashley J. Burden

Ashley J. Burden
Counsel for Plaintiff CFTC

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
(312) 596-0700
aburden@cftc.gov

---

[2] The CFTC has reason to believe that Defendants Evans's address in Mexico may have changed. The attached request form reflects the updated address.

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I provided service to the persons listed below, and by the following means:

Via the Court's electronic CM/ECF system:

Jim Falvey
jimfalvey@yahoo.com
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL 60606-5877
(312) 404-5839

Counsel to Long Leaf Trading Group, Inc.
and James A. Donelson

Andrew S. May
amay@hinshawlaw.com
Hinshaw & Culbertson LLP
151 N. Franklin St., Ste. 2500
Chicago, IL 60606
(312) 704-3400

Counsel to Jeremy Ruth

Via email, pursuant to D.E. 13, to:

Andrew D. Nelson
adnelson0503@gmail.com
267 May St. E.
Elmhurst, IL 60126

*Pro se*

/s/ Ashley J. Burden
Ashley J. Burden
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
(312) 596-0700
aburden@cftc.gov