UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) ) ) ) ) | Hon. Thomas A. Durkin |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
INTERROGATORIES DIRECTED TO DEFENDANT JEREMY RUTH**

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") moves the Court pursuant to Federal Rule of Civil Procedure 37(a)(2)(iii) and Local Rule 37.2 for an order compelling Defendant Jeremy Ruth to answer the CFTC's first set of interrogatories.

Ruth's answers are overdue and time is of the essence. He has not provided any meaningful reason why they are late and has not sought an extension of time to object or respond. Accordingly, the Commission requests that the Court enter an order (i) finding that Ruth has waived all objections to the CFTC's first set of interrogatories, and (ii) directing Ruth to answer the CFTC's first set of interrogatories by Wednesday, January 13, 2021, in advance of the scheduled deposition of Ruth's only disclosed witness.[1]

---

[1] Ruth's lawyer, Andrew May, filed an unopposed motion to withdraw as counsel on the same day the Commission filed this motion to compel. (ECF No. 55.) Whether or not Ruth has a lawyer should not impact the Court's decision on this motion. As described below, he was represented when he served his Rule 26(a) disclosures, he was represented when he was served with the CFTC's first set of interrogatories, he was represented when he was served with a notice of non-party Tony Klancic's deposition, and he was represented when the 30-day deadline to answer or object to the CFTC's first set of interrogatories lapsed.

1

1. **Introduction**.

The Commission filed its complaint in this action on June 26, 2020, against Jeremy Ruth and four other defendants, alleging that Ruth committed fraud in connection with Defendant Long Leaf Trading Group, Inc.'s trading program while working as an options broker (*i.e.*, an Associated Person or "AP") at Long Leaf. (*See generally* Compl., ECF No. 1.) The crux of Ruth's alleged fraud is that Ruth—while actually aware that Long Leaf's trading program resulted in disastrous, consistent losses for its customers—represented to customers and prospective customers that Long Leaf was in fact successful and its trading program would lead to consistent returns. (*See id.* ¶¶ 57–67.)

Tony Klancic is the only witness identified on Ruth's Rule 26(a)(1) initial disclosures.[2] (ECF No. 38 at 1.) According to Ruth, Klancic is likely to have knowledge of Ruth's "client interactions and role at Long Leaf Trading, Inc." (*Id.*) Klancic is a former Long Leaf broker, and his deposition has been noticed to take place on January 15, 2021. (Platt Decl. Ex. 4.) The CFTC directed interrogatories to Ruth over 6 weeks in advance of the scheduled date of Klancic's deposition to attempt to narrow the topics on which Ruth expects Klancic to testify. (*See* Platt Decl. Ex. 1 (copy of interrogatories to Ruth).) Ruth's responses are now over a week late, he has not asked for an extension of time to object or provide answers, and his counsel is unwilling or unable to meaningfully meet and confer concerning the interrogatories.

With the deposition of Klancic one week away, the CFTC is regrettably forced to seek relief from the Court.

---

[2] Ruth served his Rule 26(a) disclosures after his attorney Andrew May filed his appearance in this case. (*See* ECF Nos. 37 and 38.)

2. **The Commission's first set of interrogatories to Ruth and attempts to meet and confer.**

On November 30, 2020, the CFTC served its first set of interrogatories on Jeremy Ruth. (Platt Decl. Ex. 2 (Nov. 30, 2020 email from A. Burden to A. May attaching interrogatories).) That set, composed of six basic interrogatories, seeks information concerning Klancic's expected testimony on relevant topics such as Ruth's client interactions or Ruth's role at Long Leaf Trading. (*See* Platt Decl. Ex. 1.)

On December 1, 2020, the Commission served a notice of Klancic's deposition on all parties. (Platt Decl. Ex. 3 (Dec. 1, 2020 email from J. Platt to A. May and others).) That notice states that the deposition will occur on January 15, 2021. (Platt Decl. Ex. 4 (Klancic revised notice of deposition).)

Ruth's answers or objections to the CFTC's first set of interrogatories were due on December 30, 2020. *See* Fed. R. Civ. P. 33(b)(2). One week after that deadline, counsel for the Commission emailed Ruth's counsel to determine when Ruth intended to respond to the interrogatories. (Platt Decl. Ex. 5 (Jan. 6, 2020 email from A. Burden to A. May).) Ruth's counsel did not respond substantively, orally or in writing, so the next day counsel for the Commission stated that the CFTC intended to file a motion to compel concerning the overdue interrogatory responses. (Platt Decl. Ex. 6 (Jan. 7, 2021 1:40 pm email from A. Burden to A. May).) That evening, Ruth's counsel called counsel for the CFTC to state that he intended to file a motion to withdraw from the case; during that telephone call he did not provide any substantive information concerning the interrogatories. (*See id.* (Jan. 7, 2021 5:57 pm email from A. Burden to A. May).)

3

### 3. Ruth has waived all objections to the Commission's first set of interrogatories.

The Court should enter an order stating that all objections to the Commission's first set of interrogatories to Ruth have been waived.

The Commission's first set of interrogatories were served on Ruth on November 30, 2020, so Ruth's responses or objections were due on December 30, 2020. *See* Fed. R. Civ. P. 33(b)(2). And Rule 33 provides that any ground "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also, e.g.*, *United States v. Bd. of Educ. Of Consol. High School Dist. 230, Palos Hills, Ill.*, No. 88 C 3113, 1990 WL 56148 (N.D. Ill. Jan. 11, 1990) ("[I]n the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, constitutes a waiver of any objections.").

Ruth has not answered or objected to the Commission's first set of interrogatories and he has not asked for an extension of time to do so. Accordingly, all objections have been automatically waived under Rule 33, absent a finding of good cause by the Court. There is no reason for the Court to believe good cause exists to excuse Ruth's waiver. Ruth has been radio silent concerning the interrogatories: he blew the deadline to answer or object, he did not seek an extension of time to answer or object, and his outgoing counsel did not provide any substantive information during the parties' recent telephone conference, during which Ruth's failure to timely answer or object was discussed.[3]

Because he has not answered or objected to the Commission's first set of interrogatories, has not sought an extension of time, and cannot show good cause for his failure to respond, Ruth has waived any objections.

---

[3] Ruth's counsel's motion to withdraw confirms that Ruth's waiver should not be excused. That motion indicates that Ruth refuses to even speak to his attorney, let alone participate in discovery. (ECF No. 55 ¶ 2.)

4

4. **The Court should compel Ruth to respond to the CFTC's first set of interrogatories.**

The Court should order Ruth to respond to the interrogatories. Unless Ruth wishes for the Court to enter his default he must participate in his own defense and that means participating in discovery pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Bates v. Nautilus, Inc.*, No. 17-CV-1092-SMY-GCS, 2019 WL 2393422, at *1 (N.D. Ill. June 6, 2019) (issuing sanctions for party's failure to "participate in discovery and follow the Federal Rules of Civil Procedure"); *Minard v. Wal-Mart Stores, Inc.*, No. 14 C 8168, 2016 WL 9211678, at *2 (N.D. Ill. Apr. 12, 2016) (referencing Court's grant of a motion to strike due to plaintiff's "failure to follow the Rules" and admonishing plaintiff to participate in discovery "in accordance with the Rules").

Under the plain language of Rule 33(b), which provides 30 days to answer or object to interrogatories, the responses are late. Not only are the responses late, but Ruth, through counsel or otherwise, has not communicated with the CFTC in any meaningful way concerning the interrogatories. There can be no legitimate reason for Ruth's lack of response to the Commission's first set of interrogatories: they were properly served, are not burdensome, and are directly relevant to the deposition of Ruth's only identified witness.

Federal courts do not tolerate parties' failure to participate in the discovery process. *See, e.g.*, *Davis v. City of Springfield*, 2009 WL 268893 (C.D. Ill. Jan. 30, 2009) (compelling responses to discovery requests where defendant did not provide meaningful responses in a timely manner). Accordingly, the Court should enter an order compelling Ruth to answer the

CFTC's first set of interrogatories by January 13, 2021, two days in advance of the Klancic deposition's scheduled date.[4]

5. **Commission counsel certifies that it has attempted in good faith to meet and confer with defense counsel.**

Local Rule 37.2 requires a party moving to compel compliance with discovery rules to certify that it has either met and conferred in good faith with opposing counsel or has attempted in good faith to meet and confer. As described above, the Commission attempted to meet and confer with Ruth's counsel concerning the CFTC's first set of interrogatories directed to Ruth, but Ruth's counsel was unwilling or unable to provide any meaningful information during a telephone conference.

6. **Conclusion**.

For the reasons set forth above, the Commission requests the Court enter an order (i) finding that Ruth has waived all objections to the CFTC's first set of interrogatories and (ii) compelling Ruth to provide substantive answers by January 13, 2021, two days in advance of the scheduled deposition of Ruth's only identified witness.

---

[4] If Ruth does not provide substantive answers before the deposition of Klancic (Ruth's only identified witness) the CFTC may move for sanctions under Rule 37, including potentially seeking to preclude Ruth's reliance on Klancic's testimony at trial.

Dated:  January 8, 2021	Respectfully submitted,

/s/ Joseph C. Platt

*Counsel for Plaintiff Commodity Futures Trading Commission*

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone:  (312) 596-0700

7

## CERTIFICATE OF SERVICE

I certify that on January 8, 2021, I provided service of the CFTC's Motion to Compel Responses to Interrogatories Directed to Defendant Jeremy Ruth to the persons listed below, and by the following means.

Jim Falvey (via ECF)
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL 60606
312-404-5839
jimfalvey@yahoo.com

*Counsel to Long Leaf Trading Group, Inc. and James A. Donelson*

Andrew May (via ECF)
Hinshaw & Culberston LLP
151 N. Franklin St.
Chicago, IL 60606
312-704-3400
amay@hinshawlaw.com

*Counsel to Jeremy Ruth*

Andrew D. Nelson (via email)
267 May St. E.
Elmhurst, IL 60126
adnelson0503@gmail.com

*Pro se*

/s/ Joseph C. Platt

Counsel for Commodity Futures Trading Commission

Joseph C. Platt
jplatt@cftc.gov