**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) ) ) ) ) | Hon. Thomas A. Durkin |
| Defendants. | ) ) | |

**PLAINTIFF'S OMNIBUS MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS LONG LEAF TRADING GROUP, INC. AND JAMES DONELSON**

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") moves the Court pursuant to Federal Rule of Civil Procedure 37(a)(3)(iv) and Local Rule 37.2 for an order compelling Defendants Long Leaf Trading Group, Inc. ("Long Leaf") and James A. Donelson ("Donelson") to respond to various outstanding discovery requests.[1]  Some of the outstanding discovery was served nearly six months ago and Long Leaf and Donelson's failure to provide timely responses may impede the Commission's ability to complete fact discovery by the May 1, 2021, deadline.  In support of the motion, the CFTC states:

**INTRODUCTION**

**1. Procedural background and summary of the Commission's claims.**

The Commission filed its complaint against five defendants, including Long Leaf and Donelson, on June 26, 2020.  Long Leaf was a company that sold a "trading program" pursuant to which it recommended options trades to its customers in return for commissions.  Donelson

---

[1] Long Leaf and Donelson are both represented by attorney James Falvey.  (ECF No. 40.)

1

purchased Long Leaf from Defendant Timothy Evans in December 2017 and was its sole principal until December 2019. Long Leaf's trading program resulted in consistent, disastrous losses for substantially all its customers across substantially all relevant time periods.

As relevant to this motion, the Commission's claims range from claims arising out of Long Leaf's failure to register with the Commission as a commodity trading advisor ("CTA"), Long Leaf's failure to provide prospective customers with performance-related disclosures that are required by CFTC regulations, Donelson's failure to register as an associated person of an introducing broker, and Long Leaf's and Donelson's fraud.[2] (*See* ECF No. 1, Compl. ¶¶ 79–124.)

The Commission anticipates at least the following defenses: (i) Long Leaf was not required to register as a CTA, since it was registered as an introducing broker, (ii) Donelson was not required to register as an associated person for the relevant time period, and (iii) Donelson and Long Leaf did not commit fraud despite the material misrepresentations and omissions littered throughout Long Leaf's solicitation materials. The Commission expects part of Donelson's defense to refer to his subjective belief that the trading program was successful for some undefined period of time for some undefined set of customer accounts. Long Leaf and Donelson also intend to attempt to assert an advice of counsel defense to the failure-to-register claims, notwithstanding that registration violations arising under the Commodity Exchange Act ("CEA") and CFTC regulations are strict liability claims. (*See* Platt Decl. Ex. F (Donelson Resp. to Plf.'s First Interrogatories).)

---

[2] The Commission has alleged that Donelson is liable for all of Long Leaf's violations from the December 2017 through December 2019 period under a control person theory of liability. *See* 7 U.S.C. § 13c(b).

There are a lot of moving parts to this case. The registration violations comprise some different factual predicates than the fraud claims, and among the alleged registration violations there are multiple discrete sub-issues. In an attempt to narrow the case for trial (and to streamline the CFTC's summary judgment motions, which it anticipates filing on all claims against all Defendants), the Commission has served reasonable, targeted discovery to Long Leaf and Donelson, including requests for production, interrogatories, and requests for admission, summarized below.

**2. Status of discovery**.

On September 30, 2020, the parties jointly filed their Rule 26(f) scheduling report, which incorporates a fact discovery deadline of May 1, 2021. (ECF No. 18 at 5.) So far, the CFTC has served several discovery requests to Long Leaf, Donelson, and Defendant Jeremy Ruth, taken three depositions, served six Rule 45 document subpoenas to nonparties, and noticed five additional depositions to take place before the May 1 deadline. The outstanding document requests and interrogatories to Donelson and Long Leaf, detailed below, could significantly alter the course of the remaining discovery, including the depositions of Long Leaf, Donelson, and Long Leaf's former attorney.[3] Outstanding discovery items include[4]:

---

[3] The Rule 30(b)(6) deposition of Long Leaf is noticed for April 6, 2021. Donelson's deposition is noticed for April 13, 2021. The deposition of Long Leaf's regulatory counsel is noticed for April 22, 2021.

[4] The outstanding discovery items referenced in this motion are attached as Exhibits A through E to the declaration of Joseph Platt.

| Item | Date Served | Status |
|---|---|---|
| First RFP to Long Leaf | 8/25/2020 | • Corporate emails, telephone recordings, and additional documents have been produced.<br>• No written responses have been provided. *See* Fed. R. Civ. P. 34(b)(2). |
| First RFP to Donelson | 8/25/2020 | • See status of First RFP to Long Leaf. |
| Second RFP to Donelson | 10/1/2020 | • Document requests related to advice of counsel.<br>• Donelson's counsel has stated no responsive documents exist.<br>• No written responses have been provided. |
| First Interrogatories to Long Leaf | 12/14/2020 | • Interrogatories concerning Long Leaf's performance and risk disclosures.<br>• No answers or objections have been provided. |
| Third RFP to Donelson | 12/14/2020 | • One request for documents concerning Donelson's supervision of his employees.<br>• No documents have been produced (apart from Long Leaf's productions).<br>• No written responses have been provided. |

Neither Long Leaf nor Donelson has timely objected to the outstanding discovery on any grounds at any time. (Platt Decl. ¶ 14.)

3. **Attempts to meet and confer.**

The CFTC has attempted to resolve these discovery issues in good faith. Long Leaf and Donelson's original counsel withdrew from this matter at the end of October 2020. (*See* ECF No. 33.) Before withdrawing, Long Leaf and Donelson's original lawyers did not produce any documents or seek any extensions of time for any of the then-outstanding discovery. On November 16, 2020, Long Leaf and Donelson's current attorney filed his appearance. (ECF No. 41.)

- On November 23, 2020, CFTC counsel and Mr. Falvey emailed concerning an extension of time for Long Leaf's and Donelson's overdue document productions and interrogatory answers. (*See* Platt Decl. Ex. G.)
- On December 1, 2020, CFTC counsel and Mr. Falvey met by telephone conference to discuss Long Leaf's and Donelson's outstanding discovery. The parties agreed to a

4

- production date of December 4, 2020. Mr. Falvey also stated he expected to provide Long Leaf's and Donelson's written responses to the outstanding RFPs by December 4, 2020. (*See* Platt Decl. Ex. H.)

- On January 25, 2021, CFTC counsel emailed Mr. Falvey to highlight the outstanding discovery items (which as of that date exceeded the items that are the subject of this motion), given that the parties were beginning to take depositions. (*See* Platt Decl. Ex. I.)

- On January 28, 2021, CFTC counsel and Mr. Falvey met a second time by telephone conference to discuss Long Leaf's and Donelson's outstanding discovery. During that telephone conference, Mr. Falvey advised that many of the outstanding discovery responses would be provided either that day or shortly thereafter. (*See* Platt Decl. Ex. J.)[5] In the case of the CFTC's first set of interrogatories to Long Leaf, which relate in part to the performance of Long Leaf's trading system and risk disclosures provided to prospective clients, Mr. Falvey advised that Long Leaf's responses would not contain substantive information. (*See id.*)

## ARGUMENT

The CFTC has attempted to negotiate with defense counsel in good faith to obtain necessary discovery and has refrained from filing this motion based on representations that responses would be provided. To avoid receiving the outstanding responses without enough time to review them in advance of depositions and to allow time to potentially litigate the sufficiency of any responses, the CFTC now seeks a Court order compelling Donelson and Long Leaf to comply with their obligations under the rules.

This case is relatively complex: the underlying subject matter involves an options trading advisory service provided over an approximately 4-year time period and the claims range from registration violations to outright fraud. To narrow the potential factual and legal issues presented at trial and to streamline summary judgment briefing, the CFTC has issued Donelson and Long Leaf targeted discovery. There have been no objections that that discovery is not relevant or is burdensome. Long Leaf and Donelson's inability to respond to discovery requests

---

[5] There have been many additional emails between the parties concerning outstanding discovery. To streamline the motion, the CFTC has attached a representative sample.

5

even months after they are due may begin to prejudice the CFTC's ability to properly prepare for the most important depositions in this case: those of Long Leaf and Donelson.

Even more frustrating is Donelson's and Long Leaf's statement that some of the forthcoming interrogatory responses will be non-substantive, which will likely require additional litigation in advance of Donelson's and Long Leaf's depositions. (*See* Platt Decl. Ex. J (referencing Mr. Falvey's description of Long Leaf's planned answers to interrogatories concerning the critical issue of the trading system's performance).)

1. **The Court should order Donelson and Long Leaf to respond to all outstanding discovery no later than Friday, February 26.**

Federal litigation is governed by the Federal Rules of Civil Procedure, which provide detailed instructions to parties concerning written and oral discovery. Among those instructions are time limits for providing discovery responses or lodging objections. *E.g.*, Fed. R. Civ. P. 33(b)(2); 34(b)(2). Courts routinely enforce these basic rules. *See Davis v. City of Springfield*, 2009 WL 268893 (C.D. Ill. Jan. 30, 2009). In *Davis*, the plaintiff served discovery requests on September 5, 2008 and sent defense counsel a letter on October 15 requesting information concerning a complete lack of response. *Id.* at *1. Defense counsel did not respond to that communication and the plaintiff followed up again on October 27 highlighting that she could not schedule oral discovery without the defendant's document production. *Id.* at *2. Defense counsel ultimately produced some discovery responses on November 6 (about a month late) but the plaintiff filed a motion to compel complete responses to all requests for production. *Id.* The court ordered the defendant to provide complete discovery responses to all requests at issue. *Id.* at *3–4.

The outstanding discovery referenced in this motion was served in August, October, and December 2020. The latest-in-time deadline to respond to these items was January 13, 2021—a

month ago. There have been no objections and, to the extent Donelson or Long Leaf sought extensions of time either formally or informally, any agreed-upon extensions lapsed in mid-January. While Long Leaf and Donelson have produced some material and provided some responses, they are obliged to follow the rules as they defend themselves. The CFTC requests the Court enter an order directing Long Leaf and Donelson to properly respond to all outstanding discovery referenced in this motion no later than February 26, 2021.

2. **The Court should find that all Donelson's and Long Leaf's objections have been waived.**

Donelson and Long Leaf have not timely objected to any outstanding discovery on any grounds, nor have any objections been preserved through timely requests for extensions of time.[6] Donelson and Long Leaf have been represented by counsel at all relevant times. Accordingly, any objections have been waived.

Rule 33(b) states that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." And Rule 34 incorporates this automatic waiver provision. *See, e.g.*, *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) (discussing 1970 Committee Note to Fed. R. Civ. P. 34, which incorporates Rule 33's waiver language). Because Donelson and Long Leaf cannot show good cause for their failure to object or even ask for extensions of time in a timely manner, the Court should find that all objections to the outstanding discovery have been waived.

---

[6] On January 12, 2021, Donelson and Long Leaf sought an extension of time until January 15, 2021 to respond to the CFTC's first set of requests for admission to Long Leaf, first set of interrogatories to Long Leaf, second set of interrogatories to Donelson, and third set of RFPs to Donelson. (Platt Decl. ¶ 21.) The CFTC agreed to that extension. (*Id.*) On January 15, 2021, Donelson and Long Leaf sought another extension until January 19, 2021 to respond to the same items, to which the CFTC agreed. (*Id.*) On January 19, Long Leaf responded to the CFTC's first set of requests for admission. (*Id.*)

## LOCAL RULE 37.2 CERTIFICATION

As described above, the CFTC and counsel for Long Leaf and Donelson have met and conferred at least two times concerning outstanding discovery. Despite repeated assurances that responses may be forthcoming, responses to the items referenced in this motion are all *months* late at this time and critical depositions are approaching. Moreover, at least some of their forthcoming responses will not contain substantive information, likely requiring further litigation in advance of certain depositions.

## CONCLUSION

For the reasons stated above, the CFTC respectfully requests the Court enter an order (i) requiring Long Leaf and Donelson to respond to outstanding discovery no later than February 26, 2021 and (ii) finding that all Long Leaf's and Donelson's objections have been waived.

Dated: February 13, 2021.

/s/ *Joseph C. Platt*

Counsel to Plaintiff Commodity Futures Trading Commission

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700

## CERTIFICATE OF SERVICE

I certify that on February 13, 2021, I provided service to all parties via CM/ECF or by the alternative means described below:

Jim Falvey
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL  60606
312-404-5839
jimfalvey@yahoo.com
*Counsel to Defendants Long Leaf Trading Group, Inc.*
*and James A. Donelson*

By email:

Defendant Jeremy Ruth
jeremysruth@hotmail.com
*Pro se*

By email:

Defendant Andrew D. Nelson
adnelson0503@gmail.com
*Pro se*

*Joseph C. Platt*
Joseph C. Platt