# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-3758 |
| | ) | |
| Long Leaf Trading Group, Inc., James A. | ) | Hon. Thomas A. Durkin |
| Donelson, Timothy M. Evans, Jeremy S. | ) | |
| Ruth, and Andrew D. Nelson, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF JOSEPH PLATT IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL

Pursuant to 28 U.S.C. § 1748, I, Joseph Platt, state:

1.      I am employed by the U.S. Commodity Futures Trading Commission ("Commission") as a Trial Attorney in the Division of Enforcement.

2.      I have appeared as an attorney on behalf of the Commission in the case *CFTC v. Long Leaf Trading Group, Inc. et al.*, No. 20-3758 (N.D. Ill.).

3.      I am familiar with the Commission's claims against all Defendants and their factual bases, the material on the case's docket, and the status of discovery.

4.      A true and accurate copy of the first set of Rule 34 requests for production served on Defendant Long Leaf Trading Group, Inc. ("Long Leaf") on August 25, 2020, is attached as Exhibit A.

5.      Long Leaf has not provided written responses or objections to this set of requests for production.  It is not clear if its production of responsive documents is complete.

1

6.      A true and accurate copy of the first set of Rule 34 requests for production served on Defendant James A. Donelson ("Donelson") on August 25, 2020, is attached as Exhibit B.

7.      Donelson has not provided written responses or objections to this set of requests for production. It is not clear if his production of responsive documents is complete.

8.      A true and accurate copy of the second set of Rule 34 requests for production served on Donelson on October 1, 2020, is attached as Exhibit C.

9.      Donelson has not provided written responses to this set of requests for production. It is not clear if his production of responsive documents is complete.

10.      A true and accurate copy of the first set of Rule 33 interrogatories served on Defendant Long Leaf on December 14, 2020, is attached as Exhibit D.

11.      Long Leaf has not provided answers or objections to this set of interrogatories.

12.      A true and accurate copy of the third set of Rule 34 requests for production served on Donelson on December 14, 2020, is attached as Exhibit E.

13.      Donelson has not provided written responses to this set of requests for production. It is not clear if his production of responsive documents is complete.

14.      Neither Donelson nor Long Leaf have timely objected to any of the outstanding discovery.

15.      A true and accurate copy of Donelson's responses to the CFTC's first set of interrogatories, reflecting Donelson's intent to assert an advice of counsel defense to the Commission's registration claims, but *not* to any scienter-based claims, is attached as Exhibit F.

16.      A true and accurate copy of a November 23, 2020, email from CFTC Division of Enforcement attorney Ashley Burden to Long Leaf and Donelson's counsel James Falvey is attached as Exhibit G.

17.     A true and accurate copy of a December 1, 2020, email from CFTC Division of Enforcement attorney Ashley Burden to Long Leaf and Donelson's counsel James Falvey is attached as Exhibit H.

18.     A true and accurate copy of a January 25, 2021, email from CFTC Division of Enforcement attorney Ashley Burden to Long Leaf and Donelson's counsel James Falvey is attached as Exhibit I.

19.     A true and accurate copy of a January 28, 2021, email from CFTC Division of Enforcement attorney Ashley Burden to Long Leaf and Donelson's counsel James Falvey is attached as Exhibit J.

20.     Exhibits H and J reference telephone conferences between the CFTC on the one hand, and Donelson and Long Leaf, on the other, concerning outstanding discovery.

21.     On January 12, 2021, Donelson and Long Leaf sought an extension of time until January 15, 2021, to respond to the CFTC's first set of requests for admission to Long Leaf, first set of interrogatories to Long Leaf, second set of interrogatories to Donelson, and third set of RFPs to Donelson.  The CFTC agreed to that extension.  On January 15, 2021, Donelson and Long Leaf sought another extension until January 19, 2021 to respond to the same items, to which the CFTC also agreed.  On January 19, Long Leaf responded to the CFTC's first set of requests for admission.  No additional discovery responses were provided by Long Leaf and Donelson until February 10, when Donelson responded to the CFTC's second set of interrogatories.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  February 13, 2021                    /s/ Joseph C. Platt

# EXHIBIT A

|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) | United States District Court |
| Plaintiff | ) | Northern District of Illinois |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. | ) |  |
| Donelson, Timothy M. Evans, Jeremy S. | ) |  |
| Ruth, and Andrew D. Nelson, | ) |  |
| Defendants | ) |  |
|  | ) |  |

## PLAINTIFF CFTC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO LONG LEAF TRADING GROUP PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC"), pursuant to Federal Rule of Civil Procedure 34(a), hereby serves the following requests for production upon Defendant Long Leaf Trading Group, Inc. ("Long Leaf"). Pursuant to Rule 34(b)(2)(A), Long Leaf shall provide its response to these requests on or before September 25, 2020.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are expressly incorporated into each specific demand for production as if fully stated therein:

Witness. The term "Witness" refers to Long Leaf Trading Group, Inc., its agents, employees, attorneys, affiliates, and all other persons acting in concert or participation with Long Leaf Trading Group, Inc.

You. The terms "you" and "your" refer to the Witness.

Communication. The term "communication" refers to all manners of transmitting or receiving information, opinions, or thoughts, orally, in writing, in person, telephonically, or otherwise.

Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

Document. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this subpoena, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably

usable form. The terms "documents' or "documents" mean all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The terms "document" or "documents" also includes all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electrical records, or recordations of any kind, including, without limitation, tapes, cassettes, discs, and recordings. The term "document" also refers to each and every document in the actual or constructive possession of the Witness, including but not limited to: (i) all documents within the custody or control of the Witness or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof; and (ii) all documents which the Witness has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of this term.

Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

Possession. The term "possession" denotes actual or constructive possession. For example, a document is in your possession if it is within the Witness' custody or control, if the Witness has a legal or equitable right to obtain such document from another person, or if it is in the possession of the Witness or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof.

And/Or. The terms "and" and "or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

Refer. "Refer" means to discuss, report on, review, consider, evaluate, or explain by direct mention of the subject matter of the request.

Relate. "Relate" means to comprise, explicitly or implicitly, refer to, be reviewed in conjunction with, or be generated as a result of the subject matter of the request, or to reflect, record, memorialize, discuss, evaluate, consider, review or report on the subject matter of the request.

Duty to Supplement. The obligations created by this subpoena are continuing, and the Witness shall supplement its production if it locates additional responsive documents in its possession. The Witness shall produce the specified materials to the Commission as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this subpoena.

2

Scope. Unless otherwise specified, the scope of this subpoena includes all documents concerning the period from June 26, 2015 through the present.

Non-Production. If any documents responsive to any of the paragraphs of this Attachment will not be produced for any reason, please set forth the following information concerning each document:

(a)     the type of document;

(b)     the date of the document;

(c)     the person who prepared or wrote the document;

(d)     a description of the document's subject matter and   physical size;

(e)     all addresses of recipient(s) of the original or copy thereof,  together with the date or approximate date that said recipient received said document;

(f)     all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; and

(g)     the nature of the privilege or the rule of law relied upon, or other reason for non-production.

## DOCUMENTS REQUESTS

The CFTC requests production of the following documents to the extent such documents have not previously been produced in response to the CFTC's Section 4g request, dated May 21, 2019, or the CFTC's administrative subpoenas to James A. Donelson or Long Leaf, dated August 8, 2019, and January 7, 2020, respectively.

1.     All communications between Long Leaf and customers or prospective customers, including recordings of telephone calls.

2.     All communications between James A. Donelson and any customer, employee, contractor, agent, or associated person of Long Leaf.

3.     All communications among employees, contractors, agents, or associated persons of Long Leaf.

4.     All promotional or solicitation materials used by Long Leaf, including scripts, presentations, websites, or other similar materials.

5.     All communications relating to promotional or solicitation materials used by Long Leaf, including internal communications relating to such materials.

3

6.       All documents relating to any audit, investigation, or inquiry by NFA or the CFTC.

7.       All documents relating to trading recommendations made by Long Leaf, including internal communications relating to, or analysis of, such recommendations.

8.       All documents relating to trades made by Long Leaf on behalf of customers.

9.       Account opening documents and contact information for each Long Leaf customer.

10.       All documents relating to account performance for Long Leaf customers.

11.       All documents relating to the performance of trading recommendations made by Long Leaf.

12.       All documents relating to commissions earned by or paid to Long Leaf associated persons.

13.       Monthly bank account statements, financial statements, ledgers, sub-ledgers, cash receipts-disbursements journals, and all other Long Leaf Trading accounting records.

14.       Documents sufficient to identify each Long Leaf employee, agent, or associated person responsible for, with discretionary control over, or who solicited each customer account at Long Leaf.

/s/ Ashley J. Burden

Counsel for Commodity Futures Trading Commission
Ashley J. Burden
aburden@cftc.gov
Elizabeth M. Streit
estreit@cftc.gov
Scott R. Williamson
swilliamson@cftc.gov
Robert T. Howell
rhowell@cftc.gov
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, I provided service to the persons listed below, and by the following means:

Via email, by agreement, to:

Nicholas P. Iavarone
The Iavarone Law Firm, P.C.
2416 Waukegan Road, #399
Glenview, Illinois 60025
niavarone@iavaronefirm.com

Landsman Law Firm, LLC
33 North LaSalle St, Suite 1400
Chicago, IL 60602-2610
larry@landsmanfirm.com

Counsel to Long Leaf Trading Group, Inc. and James A. Donelson

Via email, by agreement, to:

Jeremy S. Ruth
11220 Brista Way
Austin, TX 78726
jeremysruth@hotmail.com

*Pro se*

Via email, per court order, to:

Andrew D. Nelson
267 May St. E.
Elmhurst, IL 60126
adnelson0503@gmail.com

*Pro se*

/s/ Ashley J. Burden

Counsel for Commodity Futures Trading Commission
Ashley J. Burden
aburden@cftc.gov
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700

# EXHIBIT B

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) | United States District Court |
| Plaintiff | ) | Northern District of Illinois |
| | ) | |
| v. | ) | |
| | ) | Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. | ) | |
| Donelson, Timothy M. Evans, Jeremy S. | ) | |
| Ruth, and Andrew D. Nelson, | ) | |
| Defendants | ) | |
| | ) | |

## PLAINTIFF CFTC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO JAMES DONELSON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC"), pursuant to Federal Rule of Civil Procedure 34(a), hereby serves the following requests for production upon Defendant James A. Donelson. Pursuant to Rule 34(b)(2)(A), Mr. Donelson shall provide his response to these requests on or before September 25, 2020.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are expressly incorporated into each specific demand for production as if fully stated therein:

Witness. The term "Witness" refers to James A. Donelson, his agents, employees, attorneys, affiliates, and all other persons acting in concert or participation Mr. Donelson.

You. The terms "you" and "your" refer to the Witness.

Communication. The term "communication" refers to all manners of transmitting or receiving information, opinions, or thoughts, orally, in writing, in person, telephonically, or otherwise.

Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

Document. The term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Accordingly, a document, for purposes of this subpoena, is any writing, drawing, graph, chart, photograph, phonographic record, audiotape, videotape, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. The terms "documents' or "documents" mean all writings or printed matter of any

kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The terms "document" or "documents" also includes all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotape, recordings, motion pictures, and electronic, mechanical, or electrical records, or recordations of any kind, including, without limitation, tapes, cassettes, discs, and recordings. The term "document" also refers to each and every document in the actual or constructive possession of the Witness, including but not limited to: (i) all documents within the custody or control of the Witness or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof; and (ii) all documents which the Witness has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of this term.

Person. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

Possession. The term "possession" denotes actual or constructive possession. For example, a document is in your possession if it is within the Witness' custody or control, if the Witness has a legal or equitable right to obtain such document from another person, or if it is in the possession of the Witness or any present or former officer, director, employee, partner, corporate parent, subsidiary, or affiliate thereof.

And/Or. The terms "and" and "or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

Refer. "Refer" means to discuss, report on, review, consider, evaluate, or explain by direct mention of the subject matter of the request.

Relate. "Relate" means to comprise, explicitly or implicitly, refer to, be reviewed in conjunction with, or be generated as a result of the subject matter of the request, or to reflect, record, memorialize, discuss, evaluate, consider, review or report on the subject matter of the request.

Duty to Supplement. The obligations created by this subpoena are continuing, and the Witness shall supplement its production if it locates additional responsive documents in its possession. The Witness shall produce the specified materials to the Commission as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this subpoena.

Scope.  Unless otherwise specified, the scope of this subpoena includes all documents concerning the period from June 26, 2015 through the present.

Non-Production.  If any documents responsive to any of the paragraphs of this Attachment will not be produced for any reason, please set forth the following information concerning each document:

(a)     the type of document;

(b)     the date of the document;

(c)     the person who prepared or wrote the document;

(d)     a description of the document's subject matter and   physical size;

(e)     all addresses of recipient(s) of the original or copy thereof,  together with the date or approximate date that said recipient received said document;

(f)     all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; and

(g)     the nature of the privilege or the rule of law relied upon, or other reason for non-production.

## DOCUMENTS REQUESTS

The CFTC requests production of the following documents to the extent such documents have not previously been produced in response to the CFTC's Section 4g request to Long Leaf Trading Group, Inc. ("Long Leaf"), dated May 21, 2019, or the CFTC's administrative subpoenas to James A. Donelson or Long Leaf, dated August 8, 2019, and January 7, 2020, respectively.

1.     All communications between Long Leaf and customers or prospective customers, including recordings of telephone calls.

2.     All communications between James A. Donelson and any customer, employee, contractor, agent, or associated person of Long Leaf.

3.     All communications among employees, contractors, agents, or associated persons of Long Leaf.

4.     All promotional or solicitation materials used by Long Leaf, including scripts, presentations, websites, or other similar materials.

5.     All communications relating to promotional or solicitation materials used by Long Leaf, including internal communications relating to such materials.

3

6.      All documents relating to any audit, investigation, or inquiry by NFA or the CFTC.

7.      All documents relating to trading recommendations made by Long Leaf, including internal communications relating to, or analysis of, such recommendations.

8.      All documents relating to trades made by Long Leaf on behalf of customers.

9.      Account opening documents and contact information for each Long Leaf customer.

10.      All documents relating to account performance for Long Leaf customers.

11.      All documents relating to the performance of trading recommendations made by Long Leaf.

12.      All documents relating to commissions earned by or paid to Long Leaf associated persons.

13.      Monthly bank account statements, financial statements, ledgers, sub-ledgers, cash receipts-disbursements journals, and all other Long Leaf Trading accounting records.

14.      Documents sufficient to identify each Long Leaf employee, agent, or associated person responsible for, with discretionary control over, or who solicited each customer account at Long Leaf.

/s/ Ashley J. Burden

Counsel for Commodity Futures Trading Commission
Ashley J. Burden
aburden@cftc.gov
Elizabeth M. Streit
estreit@cftc.gov
Scott R. Williamson
swilliamson@cftc.gov
Robert T. Howell
rhowell@cftc.gov
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone:  (312) 596-0700

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 20-3758 |
| | ) | |
| Long Leaf Trading Group, Inc., James A. | ) | Hon. Thomas A. Durkin |
| Donelson, Timothy M. Evans, Jeremy S. | ) | |
| Ruth, and Andrew D. Nelson, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT JAMES A. DONELSON**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff U.S.

Commodity Futures Trading Commission ("CFTC" or "Commission") serves this second set of

requests for production on Defendant James A. Donelson ("Donelson"). Donelson shall produce

any responsive documents or information on or before November 1, 2020, which is 30 days from

the date of service. *See* Fed. R. Civ. P. 34(b)(2).

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are expressly incorporated into each request:

1.     "Communication" refers to all manners of transmitting or receiving information,

opinions, or thoughts, orally, in writing, in person, telephonically, or otherwise.

2.     "Document" is synonymous in meaning and equal in scope to the usage of this

term in Federal Rule of Civil Procedure 34(a), and includes communications as defined above.

3.     "Concerning" means referring to, describing, evidencing, or constituting.

1

4.　　"Refer" means to discuss, report on, review, consider, evaluate, or explain by indirect or direct mention of the subject matter of the request.

5.　　"Relate" means to comprise, explicitly or implicitly, refer to, be reviewed in conjunction with, or be generated as a result of the subject matter of the request, or to reflect, record, memorialize, discuss, evaluate, consider, review or report on the subject matter of the request.

6.　　The terms "and" and "or" are used interchangeably herein, operating both as conjunctive and disjunctive conjunctions. The singular and plural forms of nouns and pronouns are likewise used interchangeably herein.

7.　　"You" means Donelson.

8.　　"Your" means Donelson's.

9.　　"Complaint" means the Commission's complaint, (ECF No. 1).

10.　　"Long Leaf Trading" means Defendant Long Leaf Trading Group, Inc., or any of its agents or employees.

11.　　"Advice of Counsel Defense" means evidence offered to rebut an inference that a defendant acted with a particular mental state. *See United States v. Van Allen*, 524 F.3d 814, 823 (7th Cir. 2008); *see also* Instruction 6.12, Pattern Criminal Jury Instructions for the U.S. Court of Appeals for the Seventh Circuit.

12.　　"Interrogatory" means an interrogatory served on Donelson by the Commission in this civil action.

13.　　The scope of these requests is not limited in any way, including by date.

14.　　Donelson shall respond to these requests in accordance with Rule 34 of the Federal Rules of Civil Procedure.

15.     Rule 34(b)(2)(A) requires Donelson to respond to this set of requests within 30 days from the date of service.

16.     Rule 34(b)(2)(C) requires Donelson to state whether any responsive materials are being withheld on the basis of any objection to any request. If any documents responsive to any of these requests are not produced for any reason, set forth the following information concerning each document, *see* Fed. R. Civ. P. 26(b)(5)(A):

    a.  the type of document;

    b.  the date of the document;

    c.  the person who sent the document, or if the author of the document is different from the sender, the author and sender of the document;

    d.  a description of the document's subject matter and physical size;

    e.  the identity of all recipient(s) of the original or any copy thereof and their addresses (either physical or email addresses, as appropriate), together with the date or approximate date that all recipient(s) received said document, if different from the date of the document;

    f.  all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; and

    g.  the nature of the privilege or the rule of law relied upon, or other reason for non-production.

17.     The obligations created by these requests are continuing, and Donelson shall supplement his production if he locates additional responsive documents. Donelson shall produce the specified materials to the Commission as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this set of requests.

## REQUESTS FOR PRODUCTION

1.     If Your answer to Interrogatory 1 is anything other than an unqualified "no," produce all documents or communications concerning legal advice received by Donelson or Long Leaf Trading relating to the conduct underlying the charges in the complaint.

2.      If Your answer to Interrogatory 1 is anything other than an unqualified "no," produce all documents provided by Donelson or Long Leaf Trading to any attorney in connection with any request for legal advice concerning the conduct underlying the charges in the complaint.

3.      Produce all documents concerning or supporting Your defenses to liability or damages in the above-captioned action.

/s/ Joseph C. Platt

Counsel for Commodity Futures Trading Commission

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-3758 |
| | ) | |
| Long Leaf Trading Group, Inc., James A. | ) | Hon. Thomas A. Durkin |
| Donelson, Timothy M. Evans, Jeremy S. | ) | |
| Ruth, and Andrew D. Nelson, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT LONG LEAF TRADING GROUP, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") serves this first set of interrogatories on Defendant Long Leaf Trading Group, Inc. ("Long Leaf Trading"). Long Leaf Trading shall respond to these interrogatories on or before January 12, 2021, which is 30 days from the date of service. *See* Fed. R. Civ. P. 33(b)(2).

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are expressly incorporated into each interrogatory:

1. "Communication" refers to all manners of transmitting or receiving information, opinions, or thoughts, orally, in writing, in person, electronically, telephonically, or otherwise.

2. "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes communications as defined above.

3.     "Long Leaf Trading" includes any agents or employees of Long Leaf Trading. For the avoidance of doubt, Long Leaf Trading includes Defendant James A. Donelson.

4.     The terms commodity trading advisor, introducing broker, and associated person have the meanings given to them by the Commodity Exchange Act.

5.     "Trading program" or "the Long Leaf Trading trading program" means the program offered by Long Leaf Trading pursuant to which Long Leaf Trading provided customers with a trade recommendation and the customer chose whether or not to execute the trade as proposed.  To avoid any doubt, the term "trading program" is not limited by the date of the trade recommendation, the structure of the trade, the individual responsible for designing the trade, and includes trading activity related to

    a.   the "Time Means Money" program described in the CFTC's complaint, (*see* ECF No. 30 ¶¶ 26–59 (Donelson's corrected answer, admitting allegations concerning existence and operation of the "Time Means Money" program));

    b.   the "program" referenced by James A. Donelson during August 27, 2019 sworn investigative testimony, *see* Donelson Aug. 27, 2019 Tr. 42:15 (distinguishing customers who participated in the "program" from self-directed Long Leaf Trading customers); 52:3 (describing his understanding the "program" that preceded his involvement with Long Leaf Trading); 74:10–11 ("Broker assisted would be what we would term in our program."); 96:5–10 (testifying that from December 2017 through the present, Long Leaf Trading had "no self-directed traders"); 97:16–98:2 (testifying that between December 2017 and March 2019, the percentage of Long Leaf Trading broker-assisted customers increased from 85% to 100%); 98:7–12 (explaining that Long Leaf Trading replaced the "Time

Means Money" program in approximately February 2018 with "a program of

option trading"); and

     c.    all "Opportunistic trades," as described by James A. Donelson during August 27,

2019 sworn investigative testimony, *see* Donelson Aug. 27, 2019 Tr. 109:8–12.

6.     The term "trading performance" includes any information described in 17 C.F.R.

§ 4.35(a), such as worst peak-to-valley drawdown, an indication of the number of accounts with

negative net lifetime rates of return as of the date the account was closed, or monthly rates of

return.

7.     The scope of these interrogatories is not limited in any way, including by date.

8.     "Request(s) for admission" refer to the CFTC's first set of requests for admission

served on Long Leaf Trading on December 14, 2020.

9.     Long Leaf Trading shall respond to these interrogatories in accordance with Rule

33 of the Federal Rules of Civil Procedure.  Rule 33 requires Long Leaf Trading to respond

within 30 days from the date of service.

10.     General objections are not permitted under Rule 33 of the Federal Rules of Civil

Procedure.  Any objections must be stated with specificity.

## INTERROGATORIES

1.     Identify all months during which Long Leaf Trading's trade recommendations

resulted in any customer achieving net, post-commission trading gains.

2.     For each month listed in response to Interrogatory 1, above, identify all accounts

that achieved net, post-commission trading gains and documents sufficient to show any such

gains on an account-level basis.

3.      Identify all trading recommendations provided by Long Leaf Trading to customers as part of the Long Leaf Trading trading program.

4.      Identify all trading recommendations provided by Long Leaf Trading to customers in connection with the Long Leaf Trading trading program that resulted in net profits for any customer.

5.      For any trade recommendations identified in response to interrogatory 4, list every customer that experienced net profits in connection with that trade recommendation.

6.      Identify any Long Leaf Trading customer account that participated in the Long Leaf Trading trading program that achieved net, post-commission trading gains over the life of the account.

7.      If Long Leaf Trading's answer to request for admission number 5 is anything other than an unqualified admission, identify all Long Leaf Trading customers that participated in the Long Leaf Trading trading program and also executed options trades though Long Leaf Trading that were not recommended to them as part of the trading program.

8.      If Long Leaf Trading's answer to request for admission number 19 is anything other than an unqualified admission, identify all documents provided by Long Leaf Trading to prospective customers that reflect Long Leaf Trading's trading performance.

9.      If Long Leaf Trading's answer to request for admission number 20 is anything other than an unqualified admission, identify all documents provided by Long Leaf Trading to prospective customers that reflect information described in 17 C.F.R. § 4.35(b), including but not limited to disclosure that neither Long Leaf Trading nor any of its trading principals had ever previously directed any accounts.

Dated:  December 14, 2020.

/s/ *Ashley J. Burden*

Counsel for Commodity Futures Trading
Commission

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone:  (312) 596-0700

## CERTIFICATE OF SERVICE

I certify that on December 14, 2020, I served Plaintiff's First Set of Interrogatories to Defendant Long Leaf Trading Group, Inc. to counsel for Long Leaf Trading Group, Inc. by email to the following address:

Jim Falvey
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL  60606
312-404-5839
jimfalvey@yahoo.com

*Counsel to Long Leaf Trading Group, Inc.*
*and James A. Donelson*


/s/ *Ashley J. Burden*

Ashley J. Burden

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Commodity Futures Trading Commission, | ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) ) ) ) ) | Hon. Thomas A. Durkin |
| Defendants. | ) ) | |

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT JAMES A. DONELSON**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff U.S.

Commodity Futures Trading Commission ("CFTC" or "Commission") serves this third set of

requests for production on Defendant James A. Donelson ("Donelson"). Donelson shall produce

any responsive documents or information on or before January 12, 2021, which is 30 days from

the date of service. *See* Fed. R. Civ. P. 34(b)(2).

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are expressly incorporated into each request:

1.      "Document" is synonymous in meaning and equal in scope to the usage of the

term in Federal Rule of Civil Procedure 34(a), and includes communications.

2.      "Long Leaf Trading" means Defendant Long Leaf Trading Group, Inc., or any of

its agents or employees.

1

3.      "Supervision" has the meaning given to it by CFTC Rule 166.3 and National

Futures Association Rule 2-9(a) and any related authority applying those rules, such as

administrative orders, interpretive notices, and disciplinary actions.

4.      The scope of these requests is not limited in any way, including by date.

5.      Donelson shall respond to these requests in accordance with Rule 34 of the

Federal Rules of Civil Procedure.  Rule 34(b)(2)(A) requires Donelson to respond to this set of

requests within 30 days from the date of service.

6.      Rule 34(b)(2)(C) requires Donelson to state whether any responsive materials are

being withheld on the basis of any objection to any request.  If any documents responsive to any

of these requests are not produced for any reason, set forth the following information concerning

each document, *see* Fed. R. Civ. P. 26(b)(5)(A):

      a.   the type of document;

      b.   the date of the document;

      c.   the person who sent the document, or if the author of the document is different
         from the sender, the author and sender of the document;

      d.   a description of the document's subject matter and physical size;

      e.   the identity of all recipient(s) of the original or any copy thereof and their
         addresses (either physical or email addresses, as appropriate), together with the
         date or approximate date that all recipient(s) received said document, if different
         from the date of the document;

      f.   all other persons to whom the contents of the document have been disclosed, the
         date of such disclosure, and the means of such disclosure; and

      g.   the nature of the privilege or the rule of law relied upon, or other reason for non-
         production.

7.      The obligations created by these requests are continuing, and Donelson shall

supplement his production if he locates additional responsive documents.  Donelson shall

produce the specified materials to the Commission as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this set of requests.

## REQUESTS FOR PRODUCTION

1.      Produce all documents that reflect supervision of communications (including telephonic and written communications) between any Long Leaf Trading associated person, agent, or employee, on the one hand, and a prospective customer on the other, performed by Donelson for the purpose of preventing or detecting any potential or actual violations of National Futures Association rules or Commodity Futures Trading Commission rules or regulations.

Dated December 14, 2020.

/s/ Ashley J. Burden

Counsel for Commodity Futures Trading Commission

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone:  (312) 596-0700

**CERTIFICATE OF SERVICE**

I certify that on December 14, 2020, I served Plaintiff's Second Set of Interrogatories to Defendant James A. Donelson to counsel for Defendant James A. Donelson by email to the following address:

Jim Falvey
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL  60606
312-404-5839
jimfalvey@yahoo.com

*Counsel to Long Leaf Trading Group, Inc.*
*and James A. Donelson*

/s/ *Ashley J. Burden*

Ashley J. Burden

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 20-3758 |
| | ) | |
| Long Leaf Trading Group, Inc., James A. | ) | Hon. Thomas A. Durkin |
| Donelson, Timothy M. Evans, Jeremy S. | ) | |
| Ruth, and Andrew D. Nelson, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JAMES A. DONELSON'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

Defendant James A. Donelson ("Donelson" or "Defendant"), by and through his

attorney, James M. Falvey, hereby submits his responses and objections to Plaintiff

Commodity Futures Trading Commission's ("CFTC" or "Plaintiff") First Set of

Interrogatories dated October 1, 2020 (Interrogatories," and each individually an

"Interrogatory").

**General Objection**

Recognizing that the Federal Rules of Civil Procedure and this Court's

policy requires specific objections to interrogatories and dissuades parties from

1

using "General Objections," Donelson makes only one General Objection as it

concerns the "Definitions and Instructions" section of the Interrogatories

propounded by the CFTC and, as such, is applicable to every Interrogatory. Such

objection relates to the Interrogatories Definitions and Instructions Paragraph 12,

which states that the scope of the Interrogatories is not limited in any way,

including by date. Donelson objects to this Instruction as overly broad.

### Responses

#### Interrogatory No. 1

State whether Donelson intends to assert an Advice of Counsel Defense at

trial or otherwise defend the Commission's charges—including any attempt to rebut

a claim that Donelson acted with scienter—by contending or presenting evidence

that Donelson relied on an attorney's advice at any time for any reason.

#### Answer to Interrogatory No. 1

Donelson will assert an Advice of Counsel defense as it relates to Counts IV,

V and VI of the Complaint. ECF No. 1. Furthermore, Donelson acknowledges that

the definition of "Advice of Counsel" is defined in the CFTC's Interrogatories at

Paragraph No. 11. Donelson is not limiting himself to that definition to the extent

that there is additional caselaw or other legal authority on the Advice of Counsel

defense (e.g., cases that have been decided since *United States v. Van Allen*, 524

F.3d 814, 823 (7th Cir. 2008)).

2

**Interrogatory No. 2**

If Donelson's answer to Interrogatory 1 is anything other than an unqualified

"no," identify all attorneys, and their contact information, on whose advice

Donelson relied in connection with the conduct alleged in the complaint and

referenced in Your answer, (*see, e.g.*, ECF No. 21 ¶ 97).

**Answer to Interrogatory No. 2**

Donelson relied on the advice provided by:

Rebecca Wing
5401 Patton Drive, Suite 115
Lisle, IL 60532
(Office) (630) 541-7220
(Cell) (312) 286-3485

Dated: ~~October 8, 2020~~

November 23, 2020

Respectfully submitted,

/s/ James M. Falvey

James M. Falvey
Falvey Law Office
200 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606
312.404.5839 (office & mobile)
jimfalvey@yahoo.com

Attorney for Defendant
James A. Donelson

## VERIFICATION OF INTERROGATORY ANSWERS

I, James A. Donelson, verify under penalty of perjury that reasonable inquiry, that the foregoing responses and facts therein are true and correct to the best of my knowledge, information and belief.

Executed on November 23, 2020:

James A. Donelson

4

## CERTIFICATE OF SERVICE

I, James M. Falvey, hereby certify that on November 23, 2020, I provided service to the persons listed below via email:

Commodity Futures Trading
Chicago Regional Office

Jeremy S. Ruth
11220 Brista Way
Austin, TX 78726
jeremysruth@hotmail.com

*Pro se*

Andrew S. May
Partner
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500,
Chicago, IL 60606
amay@hinshawlaw.com

Ashley J. Burden
Senior Trial Attorney
aburden@cftc.gov

Joseph C. Platt
Trial Attorney
jplatt@cftc.gov

Elizabeth M. Streit
Chief Trial Attorney
estreit@cftc.gov

Joseph J. Patrick
Investigator
jpatrick@cftc.gov

/s/ James M. Falvey
**James M. Falvey**

# EXHIBIT G

| | |
|---|---|
| **From:** | Burden, Ashley |
| **To:** | Jim Falvey; Platt, Joseph |
| **Cc:** | Streit, Elizabeth M.; Patrick, Joseph J |
| **Subject:** | RE: [EXTERNAL] Re: Service of Interrogatories |
| **Date:** | Monday, November 23, 2020 6:25:23 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |

Jim:

We have not received any production from Long Leaf or Donelson.

For the third time, please confirm that the production will include the requested emails and communications.  If it doesn't, we are filing a motion to compel.  I hope that you have not delegated the critical lawyer task of collecting and reviewing documents to your client.

Monday is good for meet-and-confer, will send you a calendar invite.

Thanks,

A



**Ashley J. Burden**
Senior Trial Attorney/Chicago Regional Office
Division of Enforcement
**Commodity Futures Trading Commission**
O: (312) 596-0693
C:  (312) 995-0779
aburden@cftc.gov



**From:** Jim Falvey <jimfalvey@yahoo.com>
**Sent:** Monday, November 23, 2020 6:18 PM
**To:** Platt, Joseph <JPlatt@CFTC.gov>; Burden, Ashley <ABurden@CFTC.gov>
**Cc:** Streit, Elizabeth M. <estreit@CFTC.GOV>; Patrick, Joseph J <JPatrick@CFTC.gov>
**Subject:** [EXTERNAL] Re: Service of Interrogatories

Ashley,

We are still planning on meeting the December 4, 2020 deadline. Did you receive any new documents from us (within the last week)? I know we were trying to send through a number of files, many of which are/were fairly large.

Interrogatories are coming shortly.

If I didn't make it clear, I meant to say "yes" to meet & confer. As you know, I initially read your offer more broadly, i.e., to discuss the case & the merits of your claims against Donelson & Long Leaf. I'm happy to have that discussion with you & Jody (and anyone else) at your convenience. I certainly understand that you wouldn't want to meet me downtown in light of Covid, but Zoom or phone will work. Regardless of the more substantive discussion, I would appreciate having a call on the discovery phase of the case & whatever else you'd like to discuss, as well as how you could help us with the production.

As far as dates/times for a call, I could do Monday, November 30, 2020, any time in the afternoon; Tuesday, December 1, 2020, any time after 3 pm; and, any time at all on Wednesday & Thursday, December 2-3, 2020.

Thanks very much!

Best,

Jim

On Monday, November 23, 2020, 04:40:48 PM CST, Burden, Ashley <aburden@cftc.gov> wrote:


Hi Jim. Still no production from Long Leaf or Donelson, and no word from you on whether we are going to get email and recorded telephone communications from your client before the 12/4 deadline. If we don't get those, Donelson and Long Leaf are getting a motion to compel. I see as well that you haven't responded to my request for a meet and confer. That's fine with me, but I don't want any complaints that we didn't try to help you with the production.


A



**Ashley J. Burden**

Senior Trial Attorney/Chicago Regional Office

Division of Enforcement

**Commodity Futures Trading Commission**

O: (312) 596-0693

C: (312) 995-0779

aburden@cftc.gov



**From:** Platt, Joseph
**Sent:** Monday, November 23, 2020 4:33 PM
**To:** Jim Falvey <jimfalvey@yahoo.com>; Andrew S. May <amay@hinshawlaw.com>; adnelson0503@gmail.com
**Cc:** Burden, Ashley <ABurden@CFTC.gov>
**Subject:** RE: [EXTERNAL] Service of Interrogatories

Jim –

Yes, thanks – the CFTC accepts service of discovery by email. Also yes, please copy Ashley on correspondence concerning the litigation.

Regards,

Jody



**Joseph C. Platt**

Trial Attorney, Division of Enforcement

**Commodity Futures Trading Commission**

C: 773-241-1543

jplatt@cftc.gov



**From:** Jim Falvey <jimfalvey@yahoo.com>
**Sent:** Monday, November 23, 2020 4:26 PM
**To:** Andrew S. May <amay@hinshawlaw.com>; Platt, Joseph <JPlatt@CFTC.gov>; adnelson0503@gmail.com
**Subject:** [EXTERNAL] Service of Interrogatories

Mr. Nelson, Andrew & Jody:

Are you okay with me serving Donelson's Response to the CFTC's First Set of Interrogatories to you by email?

Jody - I assume you want me to copy all of your colleagues?

Thank you!

Best,

Jim

Falvey Law Office

200 S. Wacker Drive, Suite 3100

Chicago, Illinois 60606

jimfalvey@yahoo.com

312-404-5839

# EXHIBIT H

| | |
|---|---|
| **From:** | Burden, Ashley |
| **To:** | "Jim Falvey" (jimfalvey@yahoo.com) |
| **Cc:** | Streit, Elizabeth M.; Patrick, Joseph J; Platt, Joseph |
| **Subject:** | CFTC v. Long Leaf meet and confer |
| **Date:** | Tuesday, December 1, 2020 3:17:34 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | Doc 18 - REPORT of Rule 26(f) Planning Meeting by Commodity Futures Trading Commission.pdf |
| | Doc 41 - MINUTE entry before the Honorable Thomas M. Durkin.pdf |

---

Jim:

Thanks for the call today.  Per our discussion, Donelson and Long Leaf expect to produce all communications and emails responsive to the CFTC's 8/25/20 RFPs by 12/4, and in particular emails, chats, and recorded calls by and among Long Leaf personnel between May 2019 and December 2019.  (The period between the CFTC's investigative subpoena asking for comms and the end of LLT's business as a registrant.)

Additionally, by 12/4, Donelson and Long Leaf are committed to providing written responses to the 8/25/20 RFPs as well as the 10/1/20 RFPs.  The CFTC's position is that all objections to the requests are waived.  Moreover, the CFTC has not agreed to any extension of time with respect to any of these discovery requests; the CFTC simply agreed to forebear from filing a motion to compel through 12/4.

Failure to provide the foregoing items by 12/4 will result in the CFTC filing a motion to compel without further consultation.

Please advise at your earliest convenience if I have misstated any aspect of our conversation.

Per your request, please find attached the parties' scheduling order,  Doc. 18, as well as the court's order setting the discovery deadline for May.

Thanks,

A



**Ashley J. Burden**
Senior Trial Attorney/Chicago Regional Office
Division of Enforcement
**Commodity Futures Trading Commission**
O: (312) 596-0693
C:  (312) 995-0779
aburden@cftc.gov



# EXHIBIT I

| From: | Burden, Ashley |
|---|---|
| To: | "Jim Falvey" |
| Cc: | Patrick, Joseph J; Streit, Elizabeth M.; Platt, Joseph |
| Subject: | RE: late discovery in CFTC v. LLT |
| Date: | Monday, January 25, 2021 6:43:46 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Error below, I said we are missing 10/1/20 ROGs; we are missing 10/1/20 RFPs. We got responses to the ROGs but not the accompanying RFPs.

 **Ashley J. Burden**

Senior Trial Attorney/Chicago Regional Office

Division of Enforcement

**Commodity Futures Trading Commission**

O: (312) 596-0693

C: (312) 995-0779

aburden@cftc.gov



---

**From:** Burden, Ashley
**Sent:** Monday, January 25, 2021 6:18 PM
**To:** 'Jim Falvey' (jimfalvey@yahoo.com) <jimfalvey@yahoo.com>
**Cc:** Patrick, Joseph J <jpatrick@cftc.gov>; Streit, Elizabeth M. <estreit@CFTC.GOV>; Platt, Joseph <JPlatt@CFTC.gov>
**Subject:** late discovery in CFTC v. LLT

Jim:

I am writing with respect to your clients' numerous late discovery responses. It goes without saying that for all of these responses, your clients' objections are waived. That does not, however, obviate the need for them to respond under RFCP 33(b) and FRCP 34(b)(2).

First and foremost, we have not received any production from your client Alexander Stemper in response to our subpoena dated December 9, 2020. The subpoena gave Mr. Stemper until December 22, 2020 to produce documents. We have received no response to the subpoena. As you know, Mr. Stemper's deposition is scheduled for February 11, 2021. We want to avoid a situation where the CFTC receives a production the night before the deposition or, worse yet, after the deposition.

Your clients Long Leaf Trading ("LLT") and Mr. Donelson have no fewer than five sets of discovery

requests that they have failed to respond to.

- On August 25, 2020, the CFTC served LLT and Donelson with separate set of identical RFPs. We have received three productions since then, but no written responses. We have no idea what the documents in the productions are supposed to represent, which requests they are responsive to, whether any documents have been withheld, whether the productions are complete, or on whose behalf the productions were made. I have asked you at least three times for written responses and they are now four months late.

    - With respect to the December 4, 2020 production of voice recordings, which I assume are responsive to some of these requests, the CFTC notes the absence of metadata for the voice recordings. The CFTC believes that such metadata is available to LLT, since LLT provided metadata with the calls it produced during the CFTC's pre-filing investigation. The CFTC also notes the absence of any recorded calls by Mr. Donelson, which also were present among the calls produced during the CFTC's pre-filing investigation.

- On October 1, 2020, the CFTC served Donelson with ROGs following up on his "advice of counsel" defense. Setting aside the absurdity of Donelson asserting an advice of counsel defense to strict liability regulatory violations with no scienter requirement, Donelson is required to respond to these ROGs and as near as I can tell has failed to do so.

- On December 14, 2020, the CFTC served LLT with critical ROGs relating to customer returns and trading results, which, like the rest of CFTC's ROGs and RFAs, are designed to narrow issues for SJ and trial. Also on December 14, 2020, we served Donelson with additional ROGs relating to supervision and his advice of counsel defense, along with an RFP on the supervision issue. You asked for a brief extension to respond, which we readily granted, but since then your clients have failed to provide any response.

We are well beyond the point of a meet-and-confer given your clients' apparently unwillingness to meet deadlines and your own empty assurances that one discovery response or another is "next on your list." The CFTC will file a motion to compel (and for Stemper, a motion to enforce the subpoena) on Friday. If you can get us responses by lunchtime on Friday we will, of course, refrain from filing.

Please do not hesitate to email us if you would like to set up a call and discuss. Please also advise if you believe that I am mistaken with respect to any of the foregoing.

Thanks,

A

**Ashley J. Burden**



Senior Trial Attorney/Chicago Regional Office
Division of Enforcement
**Commodity Futures Trading Commission**
O: (312) 596-0693
C:  (312) 995-0779
aburden@cftc.gov



# EXHIBIT J

| From: | Burden, Ashley |
|---|---|
| To: | Jim Falvey; Platt, Joseph; Streit, Elizabeth M. |
| Cc: | Patrick, Joseph J |
| Subject: | RE: [EXTERNAL] 3rd RFP to Mr. Donelson & Request for Extension until Monday, Feb 1, 2021 |
| Date: | Thursday, January 28, 2021 6:19:37 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Jim:

In our discussion today, you advised that Mr. Stemper's very late subpoena responses will likely not be forthcoming, and that you have not been in contact with him. Accordingly, we will be filing a motion to enforce the subpoena.

With respect to the many outstanding discovery requests, we will forebear from filing a motion to compel until after Monday. The deadline having passed on all of the requests, however, this is not an "extension" in the sense that it will restore your clients' now-waived objections. Those are gone.

Per our discussion today you advised that we can expect to receive responses from our 10/1/20 RFPs to Donelson today, along with responses to 12/14/20 3d set of RFPs to Donelson. The 12/14/20 RFPs seek docs relating to Donelson's supervision of AP solicitations. You said you would email me an hour after our call (which took place at 1 pm CST) to say whether Donelson has any responsive docs to produce. It's 6 pm right now, and I have yet to receive any such email.

You also advised that we could expect to receive responses to the very important 12/14/20 Rogs to Donelson re customer returns and trading results, though advised me that we would not be happy with the answers since Donelson is planning to refuse to answer on the grounds that the CFTC already has the information. I advised you that this is not a proper objection, and that in any event Donelson has waived his objections by failing to timely respond.

I understand you have made a start on written responses to the twin 8/25/20 RFPs to Donelson and LLT. You advised that those would likely not be done this week.

Please advise if I have misstated any of the foregoing.

Because of your failure to provide a requested date for Donelson's deposition and LLT's 12(b)(6) deposition, we will be sending you notices of subpoena for dates of our choosing in April.

Thanks,

A

**Ashley J. Burden**
Senior Trial Attorney/Chicago Regional Office



Division of Enforcement
**Commodity Futures Trading Commission**
O: (312) 596-0693
C: (312) 995-0779
aburden@cftc.gov



---

**From:** Jim Falvey <jimfalvey@yahoo.com>
**Sent:** Thursday, January 28, 2021 3:43 PM
**To:** Burden, Ashley <ABurden@CFTC.gov>; Platt, Joseph <JPlatt@CFTC.gov>; Streit, Elizabeth M. <estreit@CFTC.GOV>
**Subject:** [EXTERNAL] 3rd RFP to Mr. Donelson & Request for Extension until Monday, Feb 1, 2021

Hi, Ashley. As we discussed, we will respond to the 3rd RFP by COB tomorrow (and that's a hedge -- I should have it to you today).

As you mentioned, we have not made a formal request for a brief extension regarding the outstanding discovery requests, which we discussed beginning at 1 pm CT today. In light of my unexpected surgery last week, as well as having to take my daughter to the ER yesterday because of an anaphylactic reaction to the Covid vaccine, I would like to make that request (as an aside, when you guys get your vaccines, I would recommend having someone go with you, just in case; there seem to be more negative reactions to the vaccines than are being reported). Specifically, we would request that we have until Monday, February 1, 2021 to respond. And, by "we," I mean Mr. Donelson, Long Leaf, and Mr. Alex Stemper.

All that said, I hope to get you most of the outstanding discovery (if not all of it) by later today or tomorrow. But, so that you don't have to draft a motion to compel just yet, and out of caution as to some things that are out of my control, I would request the extension to Monday.

Thank you for the consideration.

Best,

Jim

jimfalvey@yahoo.com
312-404-5839