UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 20-3758 |
| | ) |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) Hon. Thomas A. Durkin |
| | ) |
| Defendants. | ) |

## DEFENDANT JAMES A. DONELSON'S AND LONG LEAF TRADING'S RESPONSE TO PLAINTIFF'S OMNIBUS MOTION TO COMPEL <u>DISCOVERY RESPONSES</u>

Given that the Commodity Futures Trading Commission ("CFTC" or the "Commission") filed its Motion to Compel ("Motion") against Defendants James Donelson ("Donelson") and Long Leaf Trading ("LLT")(together, the "Defendants") at 4:15 pm CT on Saturday, February 13, 2021, Defendants have had little time to put together a response to the motion. As such, Defendants will utilize a "bullet point" memorandum in its response and, if the Court would like further facts or argument in a written form, Defendants Donelson and LLT would be happy to provide such a document.

In response to the CFTC's motion to compel, Donelson and LLT state as follows:

1. At this time, the following items have been produced to the CFTC from

1

Donelson, as well as LLT (the document numbers include information provided to the CFTC during its investigative stage known as a 4(g) request)(these numbers are exact, but are very close to the actual number, which is likely higher than reported below):

-- 705,000 phone calls

-- 530,000 emails

-- 175,000 pages of other documents

2. Current counsel for LLT and Donelson entered his appearance in this matter in the middle of November 2020. Thus, some of the discovery has been a process of determining what has been done to date and what is still outstanding. For example, as for specific responses to the requests made by the CFTC on August 25, 2020, all of the responsive documents have been produced to the CFTC from LLT and Donelson. The only items that have not yet been produced in connection with these two requests are the written responses that accompany these document requests. LLT and Donelson recognize the need and responsibility to provide such written responses and will do so by the date suggested by the CFTC in its motion (February 26, 2021). For clarity, these written responses will accompany: (i) the first request for production of documents to Mr. Donelson; and (ii) the first request for production of documents to LLT. All other written responses have been provided, unless otherwise noted, below.

3. The only other item that seems to be outstanding is the Second Request

for Production of Documents to Mr. Donelson, which was served on or about October 1, 2020 (before current counsel was retained for this matter – but, that is in no way meant to be an excuse; once current counsel signed on, he is responsible for everything that has or hasn't occurred in the matter). Mr. Donelson will respond to this document request by no later than the CFTC proposed date, February 26, 2021.

4. While the CFTC plays down the amount of discovery requested by it in this matter and plays up the limited nature of its requests, Donelson and LLT have responded to all discovery sought by the CFTC (except as noted in items Nos. 2 & 3, above). In addition to the extensive document production (as describe in No. 1, above), Donelson & LLT have responded to the following:

- First interrogatories to Long Leaf (served February 15, 2021);
- Third request for production of documents to Donelson (served February 15, 2021);
- First interrogatories to Donelson;
- Second set of interrogatories to Donelson;
- First Request for Admission to Long Leaf;

5. Donelson and LLT have resisted requesting anything other than a short extension to respond to outstanding discovery. In hindsight, perhaps that was not the most appropriate approach. Unfortunately, counsel for Donelson and LLT have suffered from various health issues that have delayed certain responses to discovery, as well as issuing its own discovery to the CFTC and third parties, including getting

3

new counsel up-to-speed.

6. Donelson's initial attorney contracted the Covid virus and, as a 78-year-old man, had extreme difficulties with the illness and had to fight for his life. He has recovered, but not fully. As such, he had to retire due to his illness and fight with Covid.

7. Current counsel has a history of cancer. As such, he has frequent medical tests and examinations to ensure that nothing is "off." In December 2020, the numbers were, indeed, "off." It was determined that he had anemia and required immediate treatment for this illness (including iron infusions and bi-weekly B-12 injections). The anemia also forced counsel's oncologists to try to determine the cause of the anemia. To date, the cause has not been discovered. However, a lump was located on his chest, which was immediately removed via unanticipated surgery. The lump was, thankfully, benign. Aside from the surgery itself, Counsel had to recover from this surgery and was unable to work full days for a week.

8. The status of the health information was passed along to the CFTC, as counsel noted that certain items would be delayed. Counsel explained that, unlike the substantial team that the CFTC has on this matter – depending on the moment, anywhere from 4-6 people (4 seem to be attorneys, others paralegals or technology personnel) that could keep the case moving if someone became ill – Donelson and LLT had/have just one attorney on the case. Although it's possible that an additional

attorney may join the defense at some point.[1]

9. LLT and Donelson have willingly agreed to any and all dates for depositions that the CFTC has wanted to schedule. As noted in the CFTC's proceedings, there have been three depositions that were in no way impeded by anything that LLT or Donelson have, or have not, done.

10. Finally, LLT and Donelson note that the CFTC made a very good point that this case is "relatively complex," CFTC Motion to Compel at 5 (February 13, 2021). In that regard, LLT and Donelson would be open to extending the non-expert discovery schedule by 6 to 8 weeks so that the parties can work through this relatively complex and subtle issues in this case that could potentially have an impact on how other market participants transact business within the futures industry (e.g., whether and when Introducing Brokers should register as a Commodity Trading Advisor).

WHEREFORE, LLT and Donelson agree to produce the outstanding discovery identified above, i.e., (i) written response to the first request for production of documents to Long Leaf; (ii) written response to the first request for production of documents to Donelson; and (iii) respond to the second request for production to Donelson by no later than February 26, 2021. LLT and Donelson request that this Court not grant the CFTC motion that it has waived its objections to the discovery. If

---

[1] That said, current counsel has talked with Steve Molo at Molo Lamken, as well as Cheryl Fitzpatrick about joining the Donelson/LLT team, but that has not yet occurred.

the Court is inclined to do so, LLT and Donelson request a week to respond to that particular point because, as noted above, Donelson and LLT just received this motion on Saturday, February 13, 2021, in the late afternoon and would appreciate additional time to prepare a more thorough and proper response.

Dated: February 15, 2021  Respectfully submitted,

/s/ James M. Falvey
James M. Falvey
Falvey Law Office
200 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606
312.404.5839 (office & mobile)
jimfalvey@yahoo.com

Attorney for Defendant
James A. Donelson and Long Leaf Trading

## **CERTIFICATE OF SERVICE**

I, James M. Falvey, hereby certify that on February 15, 2021, I provided service to the persons listed below via email and through the CM/ECF system:

| | |
|---|---|
| | Commodity Futures Trading |
| | Chicago Regional Office |
| Andrew D. Nelson | Ashley J. Burden |
| 267 May St. E. | Senior Trial Attorney |
| Elmhurst, IL 60126 | aburden@cftc.gov |
| adnelson0503@gmail.com | |
| | Joseph C. Platt |
| *Pro se* | Trial Attorney |
| | jplatt@cftc.gov |
| Jeremy Ruth | |
| jeremyruth@hotmail.com | Elizabeth M. Streit |
| | Chief Trial Attorney |
| *Pro se* | estreit@cftc.gov |
| | |
| | Joseph J. Patrick |
| | Investigator |
| | jpatrick@cftc.gov |

/s/ James M. Falvey
**James M. Falvey**