UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 20-3758 ) |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) Hon. Thomas A. Durkin ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF CFTC'S MOTION TO COMPEL THE DEPOSITION
OF DEFENDANT JEREMY RUTH**

Plaintiff Commodity Futures Trading Commission ("CFTC") hereby seeks an order compelling the deposition of Defendant Jeremy Ruth. Mr. Ruth has refused to sit for a remote deposition on the date noticed by the CFTC—May 19, 2021—and has refused to provide the CFTC with an alternative date. The CFTC has attempted to confer in good faith with Mr. Ruth, but Mr. Ruth has persisted in his refusal to be timely deposed. Accordingly, the CFTC requests that the Court compel Mr. Mr. Ruth to sit for a deposition, to be conducted by videoconference, on May 19, 2021.

### I. BACKGROUND

The CFTC's claims against Mr. Ruth arise from his role in a long-running fraud scheme relating to a trading program offered by Defendant Long Leaf Trading Group, Inc. ("Long Leaf Trading"). (*See* Compl. ¶¶ 57-67 (Doc. 1).) As set forth in the complaint, Mr. Ruth solicited customers and prospective customers using false and misleading misrepresentations and omissions about the profitability of customer accounts traded by Long Leaf Trading. (*See id.*)

Mr. Ruth, while represented by counsel, originally agreed to testify in a deposition scheduled for March 12, 2021. (Ex. A, Email from A. Burden, Counsel to CFTC, to A. May, Counsel to Mr. Ruth, Dec. 7, 2020.) On March 4, 2021, Mr. Ruth emailed counsel for the CFTC and requested that his deposition be postponed. (Ex. B, Emil from J. Ruth to J. Platt, Counsel for CFTC.) Mr. Ruth refused to commit to an alternative date for deposition, however, complaining that he "[had] not received discovery." (*Id*.)

On March 9, 2021, counsel for the CFTC agreed to postpone Mr. Ruth's deposition, but asked Mr. Ruth provide a date certain when he could be available for a deposition. (Ex. C, Email from J. Platt to J. Ruth.) Mr. Ruth failed to do so, and counsel for the CFTC served Mr. Ruth with an updated deposition notice for May 19, 2021. (*See id.*)

Mr. Ruth responded to the notice in an email, refusing to sit for the deposition on May 19 and demanding that all depositions be "tabled till I have received your productions and can confirm that I can access the documents in the format produce [sic] to me." (*See id.*) Counsel for the CFTC emailed Mr. Ruth on March 12, 2021, to advise him the CFTC would file a motion to compel unless Mr. Ruth committed to a deposition date within the discovery deadline. (*See id*.) Mr. Ruth has yet to respond to counsel's email.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 30(a) confers upon parties a "general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *Gonzalez v. Scaletta*, No. 17 C 7080, 2018 WL 6573227, at *3 (N.D. Ill. Dec. 12, 2018) (granting motion to compel) (quoting *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)). Federal Rule

of Civil Procedure 37(a)(1) provides that a party may move for an order compelling discovery.[1] In ruling on a motion to compel, a district court exercises "significant discretion," and may consider such factors as "timeliness, good cause, utility, and materiality." *Gonzalez*, 2018 WL 6573227, at *3 (quoting *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495-96 (7th Cir. 1996); *CSC Holdings*, 309 F.3d at 993). The burden rests upon the objecting party to show why the sought-after discovery—in this case timely deposition testimony from a party opponent—is improper. *See id.*

### III.  ANALYSIS

Mr. Ruth has refused without adequate justification to agree to be deposed on the noticed date or to provide an alternative date within the discovery deadline. This is a violation of Mr. Ruth's obligations under the Federal Rules, and Mr. Ruth should be ordered to sit for the (remote) deposition on the noticed date. As a Defendant in this case, Mr. Ruth's deposition testimony is relevant and important to the resolution of the CFTC's claims against him and other defendants.

Mr. Ruth complains that he has yet to receive certain discovery and that his deposition should wait until he has had time to review that discovery. The Federal Rules that govern discovery and depositions do not support Mr. Ruth's position.

Federal Rule of Civil Procedure 26(d)(3)(A) provides that the "methods of discovery may be used in any sequence." Rule 26(d)(3)(B) provides moreover that "discovery by one party does not require any other party to delay its discovery." As such, Mr. Ruth "does not have the unilateral right to determine for himself the order in which discovery should be conducted in this

---

[1] Rule 37(a)(1) also requires the motion to include a certification that the movant has conferred in good faith with the objecting party. The CFTC has done so here.

3

case." *Cf. Stewart v. Credit Control LLC*, No. 18 C 3916, 2020 WL 3848186, at *6-7 (N.D. Ill. June 5, 2020) (imposing sanctions against plaintiff for refusing to submit to deposition in violation of court order; rejecting plaintiff's argument that defendant had failed to produce requested documents), *report and recommendation adopted*, No. 18-CV-03916, 2020 WL 3843663 (N.D. Ill. July 7, 2020). The fact that Mr. Ruth believes—wrongly—that he is owed discovery does not justify delaying his deposition beyond the May 19, 2021, notice date.

The CFTC does not in fact owe Mr. Ruth any discovery responses, nor is the CFTC obligated to give Mr. Ruth more time to review discovery in advance of his deposition. Mr. Ruth has not served the CFTC with a discovery request of any kind. Mr. Ruth's complaints about discovery relate to documents produced by the CFTC absent a request pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii).[2]

The CFTC produced those documents by emailing Mr. Ruth links to the CFTC's secure file transfer protocol ("FTP") site. The CFTC emailed its first two productions, on September 4, 2020, and September 30, 2020, to Mr. Ruth personally. (Ex. D, Emails from A. Burden to J. Ruth, et al.) Although Mr. Ruth complains that he cannot view the documents the CFTC produced to him, he acknowledges he made no attempt to download them at the time of

---

[2] The CFTC has produced numerous documents to Mr. Ruth pursuant to Rule 26(a), and will continue to do so on a rolling basis. The documents produced by the CFTC include transcripts and accompanying exhibits from the CFTC's pre-filing investigation, as well as documents provided to the CFTC by Mr. Ruth's customers at Long Leaf Trading, and audio recordings of Mr. Ruth's conversations with Long Leaf Trading customers.

4

production. (Ex. E, Email from J. Ruth to J. Platt, Feb. 26, 2021.) If Mr. Ruth cannot view these documents, or failed to download them when they were first made available, that is his problem.[3]

The CFTC emailed its next two productions to Andrew May, Mr. Ruth's former counsel. (Ex. F, Emails from A. Burden to A. May, et al., Nov. 16, 2020 and Dec. 1, 2020.) Mr. Ruth complains that he does not have access to these documents because Mr. May has withdrawn from the case. (*See* Ex. E, Email from J. Ruth to J. Platt, Feb. 26, 2021.) Mr. Ruth offers no reason why he cannot retrieve the documents from his former counsel, or why such reason would justify delaying his deposition beyond May 19. (*See id.*)

Mr. Ruth's refusal to submit to a timely deposition is consistent with a pattern of dilatory and obstructive conduct. Mr. Ruth's former counsel, Andrew May, noted in his motion to withdraw that, "[d]espite multiple efforts to contact Ruth, the above counsel . . . has been unable to meaningfully communicate with him regarding the defense and prosecution of this lawsuit for over three weeks . . . ." (Mot. to Withdraw ¶ 2, Doc. 55.) The Court should decline to indulge Mr. Ruth in his attempts to forestall resolution of this case.

## IV. CONCLUSION

For the foregoing reasons, the CFTC respectfully requests that the Court enter an order compelling Mr. Ruth to appear for, and cooperate in good faith with respect to, a remote deposition to occur on May 19, 2021.

---

[3] The CFTC has agreed to re-produce these documents to Mr. Ruth.

Dated: March 19, 2021.

/s/ *Ashley J. Burden*

Counsel to Plaintiff Commodity Futures Trading Commission

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700

## CERTIFICATE OF SERVICE

       I certify that on March 19, 2021, I provided service to all parties via CM/ECF or by the alternative means described below:

Jim Falvey
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL  60606
312-404-5839
jimfalvey@yahoo.com
*Counsel to Defendants Long Leaf Trading Group, Inc.*
*and James A. Donelson*

By email:

Defendant Jeremy Ruth
jeremysruth@hotmail.com
*Pro se*

By email:

Defendant Andrew D. Nelson
adnelson0503@gmail.com
*Pro se*

                                                                        */s/ Ashley J. Burden*
                                                                         Ashley J. Burden