**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) ) ) ) | Hon. Thomas A. Durkin |
| Defendants. | ) ) ) | |

**PLAINTIFF CFTC'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Commodity Futures Trading Commission ("CFTC") moves the Court to enter the proposed confidentiality order, attached as Exhibit 1, to ensure the parties take sufficient steps to safeguard discovery material during the course of this litigation.

Defendants Long Leaf Trading Group, Inc. and James A. Donelson do not object to the entry of the proposed confidentiality order. Defendant Jeremy Ruth has not responded to a request for his position on the entry of the proposed confidentiality order.

**BACKGROUND**

This case generally concerns an alleged long-running solicitation fraud scheme carried out by Defendant Long Leaf Trading Group, Inc. ("Long Leaf") and its principals and employees. Long Leaf was an introducing broker, 7 U.S.C. § 1a(31), and commodity trading advisor, 7 U.S.C. § 1a(12); the alleged fraud included material misrepresentations and omissions to customers and prospective customers in connection with Long Leaf's options trading program.

1

Given the nature of Long Leaf's business as an introducing broker and commodity trading advisor, discovery material in this case contains a significant amount of personal identifying information and other sensitive material, including but not limited to account opening documents (which include social security numbers, dates of birth, and other personal identifying information), account statements, and personal banking and financial information.

The parties are presently engaged in discovery. To ensure the parties take adequate measures to protect the sensitive information in the case's discovery record, the CFTC respectfully requests the Court enter the proposed confidentiality order. The proposed confidentiality order is based on the Court's Local Rule 26.2 model confidentiality order and includes modifications primarily related to the CFTC's status as a government agency.

## ARGUMENT

Under Rule 26(c), a district court, "for good cause, [may] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that might arise during discovery." *Gomez v. City of Chicago*, 2017 WL 5517254, at *1 (N.D. Ill. Nov. 17, 2017). A court may "shield certain documents from the public when there is good cause to do so," and Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.*

The Court should enter the proposed confidentiality order to protect sensitive information during the discovery phase of the case. Here, there is significant potential harm associated with the misuse or disclosure of information concerning former Long Leaf customers and prospective customers—who are not parties to this action. The documentary record is voluminous, and as described above contains many items created or maintained in the normal course of Long Leaf's business that reflect personal identifying or other sensitive information.

Entering the proposed confidentiality order will not impact the Court's interest in ensuring the bases of its actions are sufficiently disclosed to the public. *See, e.g.*, *Bond v. Utreras*, 583 F.3d 1061, 1074–75 (7th Cir. 2009). This is true for two reasons. First, the proposed confidentiality order concerns discovery material, which is not a source of information that is presumptively disclosed to the public. *See id.* ("the public's right of access is limited to traditionally publicly available sources of information, and discovered, but not yet admitted, information is not a traditionally public source of information"). Second, the proposed confidentiality order does not purport to impact the ability of the parties to file material under seal in connection with dispositive motions. (Ex. 1 ¶ 9.)

In sum, the interest in protecting personal identifying and other confidential information outweighs any potential interest in public disclosure of that information, particularly during the discovery phase of this case.

## CONCLUSION

For the reasons stated above, the CFTC requests the Court enter the proposed confidentiality order.

Dated: April 7, 2021.

/s/ *Joseph C. Platt*

Counsel to Plaintiff Commodity Futures Trading Commission

Ashley J. Burden
aburden@cftc.gov

Elizabeth M. Streit
estreit@cftc.gov

Joseph C. Platt
jplatt@cftc.gov

Scott R. Williamson
swilliamson@cftc.gov

Robert T. Howell
rhowell@cftc.gov

Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
Phone: (312) 596-0700

## CERTIFICATE OF SERVICE

      I certify that on April 7, 2021, I provided service of Plaintiff CFTC's Motion for Entry of Confidentiality Order to all parties via CM/ECF or by the alternative means described below:

Jim Falvey
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL  60606
312-404-5839
jimfalvey@yahoo.com
*Counsel to Defendants Long Leaf Trading Group, Inc.*
*and James A. Donelson*

By email:

Defendant Jeremy Ruth
jeremysruth@hotmail.com
*Pro se*

By email:

Defendant Andrew D. Nelson
adnelson0503@gmail.com
*Pro se*

                                              */s/ Joseph C. Platt*
                                              Joseph C. Platt