CFTC Ex. 536

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 20-3758 |
| | ) | |
| Long Leaf Trading Group, Inc., James A. | ) | Hon. Thomas A. Durkin |
| Donelson, Timothy M. Evans, Jeremy S. | ) | |
| Ruth, and Andrew D. Nelson, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JAMES A. DONELSON'S RESPONSE TO**
**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant James A. Donelson ("Donelson" or "Defendant"), by and through his attorney, James M. Falvey, hereby submits his responses and objections to Plaintiff Commodity Futures Trading Commission's ("CFTC" or "Plaintiff") Third Set of Requests for Production dated December 14, 2020.

**RESPONSE**

1. Produce all documents that reflect supervision of communications (including telephonic and written communications) between any Long Leaf Trading associated person, agent, or employee, on the one hand, and a prospective customer on the other, performed by Donelson for the purpose of preventing or detecting any potential or actual violations of National Futures Association rules or Commodity Futures Trading Commission rules or regulations.

**Answer:** Mr. Donelson has provided a summary, below, of the processes performed to review written and telephonic communications and to whom these responsibilities were delegated. The document is entitled Donelson Response to Third RFP.

1

Dated: February 15, 2021               Respectfully submitted,

                                                    /s/ James M. Falvey
                                                    James M. Falvey
                                                    Falvey Law Office
                                                    200 S. Wacker Drive, Suite 3100
                                                    Chicago, Illinois 60606
                                                    312.404.5839 (office & mobile)
                                                    jimfalvey@yahoo.com

                                                    Attorney for Defendant
                                                    James A. Donelson

## **Donelson Response to Third RFP**

### **Review of Written communications**

At the end of each month, Mr. Donelson would review all communications with prospects and customers. If any of these communications needed follow-up, Mr. Donelson would have a conversation with the specific AP as to the context of the communications and any other pertinent details related to the communications.
By way of example, in early 2018, shortly after Mr. Donelson became the owner of Long Leaf Trading, it became apparent to Mr. Donelson that the APs did not fully understand the daily statements generated by the Long Leaf's Futures Clearing Merchant. Mr. Donelson recognized the need for training relating to these statements. In February 2018, Mr. Donelson provided training on how the statements worked and how a trade would flow through the statement. Mr Donelson made the point that the value of any account at any given point is depicted by Net Liquidating Value.

During the transition to Cunningham Futures from Gain Capital, Mr. Donelson prepared a redacted statement from Cunningham to send to existing clients on how to read the statement and how the multiple pages of the statement linked to each other. We have not yet been able to locate that document, but are continuing to search for it.

### **Review of Oral communications**

Oral communications were managed by Brian Adams (during his tenure) and Scott Gecas. To the extent that conversations were recorded, Mr. Adams was responsible for reviewing and working with APs to ensure compliance with NFA and CFTC rules relative to communications with prospects and customers. In addition to recordings, the call system had the ability to listen to a live conversation or even provide communications between the listener and the AP without knowledge of this conversation by the prospect or client. Mr. Adams and Mr. Gecas both used this feature to assess both compliance and any training requirements for the AP.

In mid-2018, Long Leaf worked to revamp all solicitation to address issues raised in the early findings of the NFA review. During this time, Long Leaf continued to use some of the pre-existing PowerPoint slides, but went away from using any of the scripts that were created. Mr. Nelson worked with Mr. Donelson on revamping the scripts and bullet points associated with the opening PowerPoint and overall solicitation process. Long Leaf also transitioned to Cunningham. This was a significant effort that focused most of Long Leaf's staff's attention on existing customers to ensure a smooth transition. In that regards, much of Long Leaf's communication at this time was with the existing customers describing the changes to their daily statements, explaining the

effect of changing clearing firms to Cunningham and, as noting, ensuring that the transition to Cunningham was smooth.

After the departure of Mr. Gecas, the responsibility to monitor calls fell to Mr. Donelson. In late 2018 and early 2019 Mr. Donelson, along with members of the Long Leaf staff, developed new marketing materials, which has been previously provided to the CFTC. The focus of the new materials was on existing clients, rather than trying to attract new customers. The prior PowerPoints and scripts, developed when Tim Evans owned the business, were no longer used. During this period, there was limited trading as the Long Leaf staff focused on, and completed, the new solicitation materials. After the solicitation materials received a "no comment" letter from the National Futures Association, it was presented to existing clients to provide understanding of the Long Leaf trading philosophy. Daily, Mr. Donelson would be in the room with the AP's listening to conversations and correcting Aps, as appropriate. Of course, Mr. Donelson was not able to hear every conversation, however.

## **CERTIFICATE OF SERVICE**

I, James M. Falvey, hereby certify that on February 15, 2021, I provided service to the persons listed below via email:

| | |
|---|---|
| | Commodity Futures Trading <u>Chicago Regional Office</u> |
| Andrew D. Nelson<br>267 May St. E.<br>Elmhurst, IL 60126<br>adnelson0503@gmail.com<br><br>*Pro se*<br><br>Jeremy Ruth<br>jeremyruth@hotmail.com<br><br> *Pro se* | Ashley J. Burden<br>Senior Trial Attorney<br>aburden@cftc.gov<br><br>Joseph C. Platt<br>Trial Attorney<br>jplatt@cftc.gov<br><br>Elizabeth M. Streit<br>Chief Trial Attorney<br>estreit@cftc.gov<br><br>Joseph J. Patrick<br>Investigator<br>jpatrick@cftc.gov |

/s/ James M. Falvey
**James M. Falvey**