UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| Commodity Futures Trading Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-3758 |
| | ) | |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) ) ) | Hon. Thomas A. Durkin |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF CFTC'S L.R. 56.2 NOTICE TO UNREPRESENTED LITIGANTS
OPPOSING SUMMARY JUDGMENT**

Plaintiff Commodity Futures Trading Commission ("CFTC") hereby files its Notice to Unrepresented Litigants Opposing Summary Judgment, as required by L.R. 56.2. The notice is directed, in particular, at *pro se* defendant Jeremy S. Ruth, against whom the CFTC filed a motion for partial summary judgment on November 4, 2021 (Doc. 76), one day ahead of the deadline for summary judgment motions set by the Court. Consistent with Local Rule 56.2, the CFTC on November 5, 2021, provided Mr. Ruth, via FTP site, its motion, statement of facts, and accompanying exhibits. The CFTC provide Mr. Ruth on the same day, via email, with the court's notice to unrepresented litigants, FRCP 56, and LR 56.1.

The L.R. 56.2 notice states as follows:

The plaintiff has moved for summary judgment against you. That makes the plaintiff the "movant" and you the "nonmovant." By moving for summary judgment, the plaintiff is arguing to the judge that there is no need for a trial because: (1) there is no legitimate disagreement about the important facts of the case; and (2) applying the law to those facts, the plaintiff wins. The plaintiff may move for partial summary judgment (meaning only as to some of the claims or issues raised by your complaint) or for summary judgment on all claims.

When moving for summary judgment, the plaintiff must serve on you and file:

(1) a statement of facts, which is a list of the facts the plaintiff thinks are true and undisputed;

(2) the evidence that supports those facts; and

(3) a memorandum of law that makes a legal argument about why the plaintiff wins based on the law and the facts.

There are rules that both lawyers and people without lawyers must follow in moving for or opposing summary judgment. **If you do not follow the rules, then the judge may not consider your facts or your arguments.**

This notice is meant to help explain the summary judgment process to you. If you have more questions, you can visit the United States District Court for the Northern District of Illinois's Clerk's Office on the 20th floor of the Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn, Chicago, Illinois 60604, and ask about the William J. Hibbler Memorial Pro Se Assistance Program. You can also make an appointment with the program online. This program cannot provide you with a lawyer but can answer certain procedural questions about opposing summary judgment.

## **What You Must File**

To respond to the summary judgment motion, you **must** file, as separate documents:

- ☐ a response to the plaintiff's statement of material facts (see Section I);
- ☐ a statement of additional facts, if you want the judge to consider facts not included in the plaintiff's statement of material facts or your response to the plaintiff's statement (see Section II);
- ☐ the evidentiary material that supports your response to the plaintiff's statement of facts and any statement of additional facts (the material should be labeled as exhibits); and
- ☐ a memorandum of law that explains why the plaintiff is not entitled to summary judgment based on the facts and the law (see Section III).

More details about these documents are below. If you do not respond to the plaintiff's summary judgment motion by the deadline the judge gives you, the judge may rule on the motion based solely on what the plaintiff has to say. Even if you file your own summary judgment motion, you still must respond to the plaintiff's summary judgment motion.

I.   **Response to Plaintiff's Statement of Facts**

The plaintiff has listed what it thinks are undisputed facts in a series of short paragraphs. This document is called a "statement of facts." For each fact, the plaintiff must point to evidence—such as affidavits, deposition transcripts, recordings, and other documents—that the fact is true.

You must respond to each of the plaintiff's facts, paragraph by paragraph. **If you do not respond to a fact asserted by the plaintiff, the judge may decide that you have admitted that the fact is true.** Here is how you can respond to a fact asserted by the plaintiff:

(a) **Admit it.**

If you agree with a fact, write "Admitted." If you admit a fact in your response, you cannot later deny that fact in your statement of additional facts or in your legal argument.

(b) **Dispute it.**

If you think that a fact is not supported by the evidentiary material cited by the plaintiff, you should write "Disputed" and then briefly explain why you dispute the fact and cite the specific page(s) of evidence that supports your position.

If your response cites evidence that the plaintiff did not submit, you must include that additional evidence in an appendix filed and served along with your response.

For example, if the plaintiff asserts that the traffic light was red at a particular time and supports that assertion with an affidavit, and if you believe that the light was green at that time, you can dispute the asserted fact and cite to evidentiary material (such as an affidavit, declaration, or deposition testimony) that supports your view that the light was green.

(c) **Object to evidence that the plaintiff submitted.**

If you would like to object to a particular piece of evidence cited in the plaintiff's statement of facts—for example, because it is not relevant or is hearsay—you should briefly explain your objection. When addressing facts, the memorandum must cite directly to specific paragraphs in the LR 56.1 statements or responses. If you both disagree with a fact and object to the evidence that the plaintiff cites to support that fact, then your response to that fact should explain both your denial of the fact and your objection. If you object to the plaintiff's evidence but do not deny the fact, and the judge overrules your objection, then the judge may consider you to have admitted the fact.

**Do not include these things in your response to statements of fact:**

☐   **New facts.** To state new facts, meaning facts that are not fairly responsive to the plaintiff's asserted facts, list them in your separate statement of additional fact (see Section II).

☐ **Legal arguments.** Legal arguments must be made in your brief (see Section III). The one exception is for arguments in support of legal objections (for example, hearsay) to the evidentiary material cited by the plaintiff.

For help formatting your response to the plaintiff's statement of facts, see the Local Rule 56.1 examples on the court's website.

## II. Statement of Additional Facts

If you want the judge to consider new facts—meaning facts other than those in the plaintiff's statement of facts or your response to the statement of facts—you must submit a statement of additional facts as a separate document from your response to the plaintiff's statement. **If you do not submit a statement of additional facts, the judge may consider only the asserted facts in the plaintiff's statement of facts and any facts in your response to the plaintiff's statement of facts that are fairly responsive to the plaintiff's asserted facts.**

Your statement of additional facts should be organized into short, numbered paragraphs with no more than one fact in each paragraph. Unless you get permission from the judge, your statement of additional facts must not have more than 40 numbered paragraphs.

**You must support each fact with a citation to a specific piece of evidence that supports it.** For example, you might cite a particular page of a deposition transcript, a particular paragraph of an affidavit, or a timestamp on a recording. You can cite the evidence that the plaintiff submitted with its statement of material facts to support your statement of additional facts. You can also cite your own evidence that the plaintiff did not submit, but you must file and serve that evidence along with your statement of additional facts.

If you want to submit evidence of your own testimony (other than a deposition transcript), you should prepare an affidavit or declaration, which sets forth facts you know to be true based on your personal knowledge. An affidavit must be signed and notarized, while a declaration must be signed and include the following language from 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [insert date]. [Signature]."

For help formatting your statement of additional facts, see the Local Rule 56.1 examples on the court's website. The plaintiff will have an opportunity to respond to your statement of additional facts.

## III. Memorandum of Law

The plaintiff has submitted a legal memorandum explaining why it should win the case on summary judgment based on its statement of facts and governing law. You must answer that brief by filing a memorandum that responds to the plaintiff's arguments and explains why the plaintiff should not win the case on summary judgment. Your memorandum should be separate from your response to the plaintiff's statement of facts and your statement of additional facts.

Your memorandum should explain why the plaintiff is not entitled to summary judgment. If you do not make a legal argument in your memorandum, you may lose the opportunity to make that argument on appeal. You can argue that because you and the plaintiff disagree on important facts, there needs to be a trial to decide which of you is right about those facts. You can also explain why the plaintiff's legal arguments are wrong based on the law or based on the facts that you disputed in your response and/or that you included in your statement of additional facts.

**IV. Federal Rule of Civil Procedure 56 and Local Rule 56.1**

Summary judgment is governed by [Federal Rule of Civil Procedure 56](), and the United States District Court for the Northern District of Illinois also has a [Local Rule 56.1](). Local Rule 56.1(a) explains what someone seeking summary judgment must submit, and Local Rule 56.1(b) explains what you need to do to oppose summary judgment.

Reading this Notice is not a substitute for reviewing Rule 56 and Local Rule 56.1. You should be familiar with Rule 56 and Local Rule 56.1 before you prepare your opposition to summary judgment. You should also review the Local Rule 56.1 examples on the court's website.

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I provided service to the persons listed below, and by the following means:

Via the Court's electronic CM/ECF system:

Jim Falvey
Falvey Law Office
200 S. Wacker Dr., Ste. 3100
Chicago, IL 60606-5877
jimfalvey@yahoo.com

Counsel to Long Leaf Trading Group, Inc. and James A. Donelson

Jeremey S. Ruth
11220 Brista Way
Austin, TX 78726
jeremysruth@hotmail.com

*Pro se*

Via email, pursuant to D.E. 13, to:

Andrew D. Nelson
267 May St. E.
Elmhurst, IL 60126
adnelson0503@gmail.com

*Pro se*

/s/ Ashley J. Burden

Ashley J. Burden
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
(312) 596-0700
aburden@cftc.gov