UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-3758 |
| Long Leaf Trading Group, Inc., James A. Donelson, Timothy M. Evans, Jeremy S. Ruth, and Andrew D. Nelson, | ) Hon. Thomas A. Durkin |
| Defendants. | ) |

**PLAINTIFF CFTC'S UNOPPOSED MOTION FOR ALTERNATIVE SERVICE UPON DEFENDANT TIMOTHY M. EVANS**

Plaintiff Commodity Futures Trading Commission ("CFTC") has attempted to serve Defendant Timothy M. Evans, who resides in Tulum, Mexico, via Mexico's Central Authority, as specified in the Hague Convention. Mexico's Central Authority has failed, however, to effect service within the six-month deadline set forth in the Convention. Accordingly, the CFTC respectfully requests that the Court allow alternative service, as permitted under Article 15 of the Hague Convention, and consistent with FRCP 4(f)(3), via email and UPS to Defendant Evans. Service by email is appropriate for the additional reason that it is not expressly prohibited by the Convention and may therefore be ordered by the Court notwithstanding the six-month deadline.

**I. BACKGROUND**

On June 26, 2020, Plaintiff CFTC filed its complaint in the above-captioned action. (Doc. 1.) In the complaint, the CFTC alleges, *inter alia*, that Defendant Long Leaf Trading, Inc. ("Long Leaf") engaged in a scheme to defraud customers in connection with options on futures contracts. (*Id*. ¶ 1.) Long Leaf did so by and through, and at the direction of, its principals,

including Defendant Timothy M. Evans. (*Id*.) Defendant Evans resided in Chicago from at least 2009 through December 2017, the period during which he was principal of Long Leaf. (*Id*. ¶ 17.) Defendant Evans has since moved to Tulum, Mexico, where he currently resides. (*Id*.)

Under Federal Rule of Civil Procedure 4(f)(1), an individual defendant may be served outside the United States by any internationally agreed means of service, such as those authorized by the Hague Convention. Mexico is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), which allows for service of process through a designated "central authority." *See* 20 U.S.T. 361 (Hague Convention); *see also* Hague Conference on Private International Law ("HCCH") website, available at https://www.hcch.net/en/states/hcch-members/details1/?sid=54 (last visited Nov. 19, 2021). In Mexico's case, the Central Authority is the Ministry of Foreign Affairs, Directorate-General of Legal Affairs ("Ministry"). HCCH website, available at https://www.hcch.net/en/states/authorities (last visited Nov. 19, 2021).

On July 7, 2020, counsel for the CFTC sent the Ministry, via UPS, English and Spanish-language versions of the official Hague service request form, along with the complaint and summons issues to Defendant Evans, all in triplicate. (Doc. 53 at 2.) On December 3, 2020, the CFTC received a letter dated August 12, 2020 from Mexico's Secretariat of Foreign Affairs ("Secretariat") highlighting purported deficiencies in the CFTC's official Hague request form (referred to by the Secretariat incorrectly as "letters rogatory") and requesting, *inter alia*, that the form be "signed and sealed in original," by the "requesting court," in Spanish, and in triplicate. (*Id*.)

It is unclear why signed and sealed versions of the request form should be required by the Secretariat. This requirement is not set forth in the Hague Convention. *See* 20 U.S.T. 361

2

(Hague Convention). Nor is it set forth in Mexico's objections or reservations to specific articles in the Convention. *See* HCCH website, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=412&disp=resdn (last visited Nov. 19, 2021).

Promptly after obtaining required translations, on January 4, 2021, the CFTC moved the Court to direct the Clerk to sign, and affix the Clerk's seal to, three copies of the official Spanish-language Hague service request form. (Doc. 53 at 1.) The Court granted the CFTC's motion (Doc. 54), and the Clerk subsequently signed and affixed its seal to the forms and sent them to counsel for the CFTC (Ex. A, Emails between E. Wall, Courtroom Deputy to Hon. Durkin, and A. Burden, Counsel for CFTC, Jan. 27, 2021).

Counsel for the CFTC then sent the signed, sealed Hague request forms, and the complaint and summons—in Spanish and in English, three copies each—to the Secretariat via UPS. (*See* Ex. B, UPS Shipping Label.) The package was delivered to the Secretariat on March 31, 2021. (*See* Ex. C, UPS Shipping Details.) In addition to UPS, counsel for the CFTC on February 26, 2021, sent electronic copies of the foregoing documents to the Secretariat via email. (Ex. D, Email from J. Platt, Counsel for CFTC, to A. Jaramillo, Dir. of Permits, Secretariat.)

On September 13, 2021, counsel for the CFTC received an email from the Secretariat appearing to reflect that the package had been forwarded to the "Tribunal Superior de Justicia del Estado de Quintana Roo." (Ex. E, Email from B.G.R. Velazquez, Secretariat, to J. Platt, Counsel for CFTC, Sept. 13, 2021.) The CFTC has received no further correspondence from the Secretariat or Mexico's central authority, and it does not appear that Defendant Evans has been served.

## II.  ANALYSIS

A.  **The Court Should Allow Alternative Service Because Mexico's Central Authority Has Failed to Effect Service Within the Six-Month Deadline.**

Federal Rule of Civil Procedure 4(f)(3) provides that a person may be served at a place not within any judicial district of the United States by "means not prohibited by international agreement as the court orders."  The relevant international agreement here is the Hague Convention, which requires here that service be affected though Mexico's Central Authority, the Ministry of Foreign Affairs.  Article 15 of the Convention provides, however, that a "judge … may give judgment," notwithstanding a lack of service via the Central Authority, if "a period of time not less than six months … has elapsed since the date of the transmission of the document."[1]  20 U.S.T. 361.  In other words, a district court is free to permit service outside the strictures of the Convention if the Ministry fails to serve the defendant within six months of receiving a request.  *See Strabala v. Zhang*, 318 F.R.D. 81, 114–15 (N.D. Ill. 2016) (Durkin, J.) (citing Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 amendments) (granting motion for alternative service where China's Central Authority failed to effect service within six months); *see also Canal Indem. Co. v. Castillo*, No. DR-09-CV-43-AM-CW, 2011 WL 13234740, at *2 (W.D. Tex. Mar. 30, 2011) (granting motion for alternative service where Mexico's Central Authority failed to effect service within six months).

The Ministry has been in possession of the CFTC's requests for service for well over six months.  Because the Ministry has failed to serve Defendant Evans, the Court is free to allow

---

[1] Mexico's objections and reservations to Article 15 provide that Mexico "does not recognize the power of the judicial authority [here, of the U.S.] to give judgment, where the defendant does not appear and there is no communication evidencing that the document was served [consistent with methods allowable for service within Mexico]."  HCCH website, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=412&disp=resdn (last visited Nov. 19, 2021).  This is of no moment because the CFTC does not plan to seek recognition in Mexico of any judgment that may be entered against Defendant Evans in the instant action.

service upon Mr. Evans by any method consistent with Due Process, i.e., reasonably calculated to inform Mr. Evans of the pendency of the action and provide him with an opportunity to respond. *See Strabala*, 318 F.R.D. at 115-16.

Service upon Mr. Evans via email and UPS would satisfy Due Process. *See, e.g.*, *Strabala*, 318 F.R.D. at 115 (holding that alternative service via email satisfied Due Process); *Ho v. Donovan*, 569 F.3d 677, 680 (7th Cir. 2009) (holding that service via FedEx was sufficient to satisfy Due Process). The CFTC has obtained up-to-date contact information for Mr. Evans from his soon-to-be ex-wife. (Ex. F, B. Evans Decl.) The information includes Mr. Evans's address in Tulum, Mexico. (*Id.* ¶ 4.) It also includes three email addresses that Mr. Evans has recently used to contact Mrs. Evans and their three children. (*Id.* ¶ 6.) Sending copies of the summons and complaint via UPS to Mr. Evans's Tulum address and electronically to his recently-used email addresses will be more than sufficient to apprise Mr. Evans of the pendency of the action and provide him with an opportunity to respond.

**B.     The Court Should Allow Service by Email Because it is Not Prohibited by the Hague Convention.**

As set forth above, Rule 4(f)(3) provides that service upon a person in a foreign country may be served "by [ ] means not prohibited by international agreement, as the court orders." The Hague Convention does not mention service by email, and thus does not expressly prohibit it. *See* 20 U.S.T. 361. Accordingly, courts have held that service by email is permissible under the Convention. *See, e.g.*, *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Assocs. Identified on Sch. A*, No. 20 C 4806, 2021 WL 1222783, at *3–4 (N.D. Ill. Apr. 1, 2021) (Durkin, J.) (denying motion to dismiss, holding that service via email upon defendants in China was not prohibited under the Hague Convention). This is true even where the member country has objected to service via postal channels, as Mexico has. *Id.*; *see also Reflex Media, Inc. v.*

*Richard Easton Ltd.*, No. 220CV00051GMNEJY, 2021 WL 24687, at *1 (D. Nev. Jan. 4, 2021) (granting motion for alternative service via email upon defendant in Mexico, holding that Hague Convention does not prohibit such service); *Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Napa*, No. 20-CV-03210-TSH, 2020 WL 8614189, at *3 (N.D. Cal. Sept. 25, 2020) (same); *TI, Ltd. v. Chavez*, No. 319CV01830WQHKSC, 2020 WL 3316974, at *4 (S.D. Cal. June 18, 2020) (same). Accordingly, the Court should permit service upon Mr. Evans via email.

### III. CONCLUSION

For the foregoing reasons, the CFTC respectfully requests that the Court permit service by email upon Mr. Evans at the following addresses:

    timothyevans129@yahoo.com
    tevans@irietulum.com
    tevans@silverbackcapitalproperties.com

and service upon Mr. Evans via UPS at the following address:

    Calle Chicozapote Casa 18, Manzana 20
    Riviera Tulum Residenciales
    77760 Tulum, Q.Roo
    Mexico

    /s/ Ashley J. Burden

    Ashley J. Burden
    aburden@cftc.gov
    Elizabeth M. Streit
    estreit@cftc.gov
    Jody Platt
    jplatt@cftc.gov
    Counsel for Plaintiff CFTC
    Commodity Futures Trading Commission
    Division of Enforcement
    525 W. Monroe St., Ste. 1100
    Chicago, IL 60661
    (312) 596-0700

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I provided service to the persons listed below, and by the following means:

| Via the Court's electronic CM/ECF system: | Via email, pursuant to D.E. 13, to: |
|---|---|
| Jim Falvey<br>Falvey Law Office<br>200 S. Wacker Dr., Ste. 3100<br>Chicago, IL 60606-5877<br>jimfalvey@yahoo.com<br><br>Counsel to Long Leaf Trading Group, Inc. and James A. Donelson<br><br>Jeremey S. Ruth<br>11220 Brista Way<br>Austin, TX 78726<br>jeremysruth@hotmail.com<br><br>*Pro se* | Andrew D. Nelson<br>267 May St. E.<br>Elmhurst, IL 60126<br>adnelson0503@gmail.com<br><br>*Pro se* |

/s/ Ashley J. Burden

Ashley J. Burden
Commodity Futures Trading Commission
Division of Enforcement
525 W. Monroe St., Ste. 1100
Chicago, IL 60661
(312) 596-0700
aburden@cftc.gov