IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Commodity Futures Trading Commission,<br>Plaintiff<br><br>v.<br><br>Long Leaf Trading Group, Inc., James A.<br>Donelson, Timothy M. Evans, Jeremy S.<br>Ruth, and Andrew D. Nelson,<br>Defendants | **Case No. 20-cv-3758**<br><br>**Judge Thomas M. Durkin** |

## FINAL JUDGMENT

Final judgment is hereby ENTERED in favor of Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") and against Defendants Long Leaf Trading Group, Inc. ("Long Leaf"), James A. Donelson, Jeremy S. Ruth, Timothy M. Evans, and Andrew D. Nelson (collectively, "Defendants"), on all counts. The Court's judgments as to liability against these Defendants were previously entered on the CFTC's various summary judgment motions, motions for supplemental relief, and motions for default judgment. (Docs. 106, 118, 122.)

It is hereby ORDERED AND ADJUDGED as follows:

### I. PERMANENT INJUNCTION

1. Defendants, along with their affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with them, are permanently enjoined and prohibited from directly or indirectly:

   a. Trading on or subject to the rules of any registered entity (as that term is defined by Section 1a(40) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 1a(40));

    b.    Entering into any transaction involving "commodity interests" (as that term is defined in CFTC Regulation 1.3, 17 C.F.R. § 1.3), for accounts held in the name of any Defendant or for accounts in which any Defendant has a direct or indirect interest;

    c.    Having any commodity interests traded on any Defendant's behalf;

    d.    Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

    e.    Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling of any commodity interests; and

    f.    Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

    2.    Defendant Long Leaf Trading Group, Inc., and its affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with it, who receive actual notice of such order by personal service or otherwise, are hereby enjoined and prohibited from engaging in the conduct described in the Complaint (Doc. 1), in violation of 7 U.S.C. §§ 6c(b), 6k(1), 6m(1), 6o, and 17 C.F.R. §§ 4.31(a), (b), 4.36(d)(1), 4.41(a), 33.3(b)(2), 33.10.

    3.    Defendant James A. Donelson and his affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with him, who receive actual notice of such order by personal service or otherwise, are hereby enjoined and prohibited from engaging in the conduct described in the Complaint, in violation of 7 U.S.C. §§ 6c(b), 6k(1),

6m(1), and 6o, and 17 C.F.R. §§ 3.12(a), 4.31(a), (b), 4.36(d)(1), 4.41(a), 33.3(b)(1), (2), and 33.10.

4. Defendant Timothy M. Evans, and his affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with him, who receive actual notice of such order by personal service or otherwise, are hereby enjoined and prohibited from engaging in the conduct described in the Complaint, in violation of 7 U.S.C. §§ 6c(b), 6k(1), 6m(1), and 6o, and 17 C.F.R. § 4.31(a), (b), 4.36(d)(1), 4.41(a), 33.3(b)(2), and 33.10.

5. Defendant Jeremy Ruth, and his affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with him, who receive actual notice of such order by personal service or otherwise, are hereby enjoined and prohibited from engaging in the conduct described in the Complaint, in violation of 7 U.S.C. §§ 6c(b), 6o, and 17 C.F.R. § 33.10.

6. Defendant Andrew D. Nelson, and his affiliates, agents, servants, employees, successors, assigns, attorneys, and all persons in active concert with him, who receive actual notice of such order by personal service or otherwise, are hereby enjoined and prohibited from engaging in the conduct described in the Complaint, in violation of 7 U.S.C. §§ 6c(b), 6k(1), 6o, and 17 C.F.R. §§ 3.12(a), 33.10, 33.3(b)(1).

## II. MONETARY RELIEF

**A.  RESTITUTION**

7. Defendants, as well as any successors thereof, shall make full restitution to every person who has sustained loses proximately caused by Defendants' violations of the Act and Regulations as described in the Complaint, including post-judgment interest, ("Restitution Obligation") as follows:

      a.      Defendant Long Leaf Trading shall pay restitution in the amount of $5,767,145.

      b.      Defendant James A. Donelson shall pay restitution in the amount of $2,376,738. Donelson is jointly and severally liable with Long Leaf Trading for this amount.

      c.      Defendant Timothy M. Evans shall pay restitution in the amount of $3,390,407. Evans is jointly and severally liable with Long Leaf Trading for this amount.

      d.      Defendant Jeremy S. Ruth shall pay restitution in the amount of $301,541.39.

      e.      Defendant Andrew D. Nelson shall pay restitution in the amount of $26,356.

8.      To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

9.      Defendants shall make Restitution Obligation payments, and any post-judgment interest payments, under this Order to the Monitor in the name "Long Leaf Trading Restitution Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

10. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part II.C. below.

11. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

12. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

13. The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from any Defendant or any other person or entity,

and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

14. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

15. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B.  DISGORGEMENT**

16. Defendants, as well as any third-party transferee and/or successors thereof, shall disgorge all benefits received including, but not limited to, salaries, commissions, loans, fees, revenues, and trading profits derived, directly or indirectly, from acts or practices which constitute violations of the Act and Regulations as described in the Complaint, including post-judgment interest, ("Disgorgement Obligation") as follows:

   a. Defendant Long Leaf Trading shall pay disgorgement in the amount of $4,010,994.

   b. Defendant James A. Donelson shall pay disgorgement in the amount of $1,235,413.  Donelson is jointly and severally liable with Long Leaf Trading for this amount.

      c.      Defendant Timothy M. Evans shall pay disgorgement in the amount of $3,083,978. Evans is jointly and severally liable with Long Leaf Trading for this amount.

      d.      Defendant Jeremy S. Ruth shall pay disgorgement in the amount of $301,541.39.

      e.      Defendant Andrew D. Nelson shall pay disgorgement in the amount of $26,356.

17.     Any amount owed in disgorgement by any Defendant shall be offset by any sum paid by that Defendant toward restitution. Any amount owed in disgorgement by any Defendant shall be offset by any sum paid by another Defendant with whom any Defendant is jointly or severally liable.

18.     Defendant shall pay their respective Disgorgement Obligations and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

    MMAC/ESC/AMK326
    Commodity Futures Trading Commission
    Division of Enforcement
    6500 S. MacArthur Blvd.
    HQ Room 181
    Oklahoma City, OK 73169
    (405) 954-6569 office
    (405) 954-1620 fax
    9-AMC-AR-CFTC@faa.gov

19.     If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the Disgorgement Obligation with a cover letter that identifies Defendants and the name and docket number of this

proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**C.  CMP**

20. Each Defendant shall pay a civil monetary penalty ("CMP Obligation") as follows:

　　a.  Defendant Long Leaf Trading shall pay a CMP in the amount of $1,387,790.50.

　　b.  Defendant James A. Donelson shall pay a CMP in the amount of $617,706.50.

　　c.  Defendant Timothy M. Evans shall pay a CMP in the amount of $9,251,934.

　　d.  Defendant Jeremy S. Ruth shall pay a CMP in the amount of $150,770.50.

　　e.  Defendant Andrew D. Nelson shall pay a CMP in the amount of $199,094.

21. Payment of the CMP by any Defendant shall be affected in the same manner as payment of the Disgorgement Obligation, as set forth in Paragraph 18.

### III.  OTHER PROVISIONS

22. Partial Satisfaction:  Acceptance by the Commission or the Monitor of any partial payment of any Defendant's Restitution Obligation, Disgorgement Obligation, or CMP Obligation shall not be deemed a waiver of its obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

23. Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Order.

24. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding Defendants, upon any person under the authority or control of any of the Defendants, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this FINAL JUDGMENT forthwith and without further notice.

Dated: March 29, 2023

_____
Thomas M. Durkin
United States District Judge